**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INNOVA PATENT LICENSING, LLC | § § | Civil Action No. 2:10-cv-251 |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § § | |
| 3COM CORPORATION; ALCATEL-LUCENT HOLDING, INC.; AMERICAN INTERNATIONAL GROUP, INC.; AOL, INC.; APPLE INC.; BANK OF AMERICA CORPORATION; CAPITAL ONE AUTO FINANCE, INC.; CAPITAL ONE FINANCIAL CORPORATION; CINEMARK, INC.; CINEMARK HOLDINGS, INC.; CITIGROUP, INC.; CROSSMARK, INC.; DELL, INC.; DR PEPPER SNAPPLE GROUP, INC.; ERICSSON, INC.; FRITO-LAY, INC.; FRITO-LAY NORTH AMERICA, INC.; GOOGLE, INC.; HEWLETT-PACKARD COMPANY; HP ENTERPRISE SERVICES, LLC; INTERNATIONAL BUSINESS MACHINES CORPORATION; J.C. PENNEY COMPANY, INC.; J.C. PENNY CORPORATION, INC.; J.C. PENNEY LIFE INSURANCE COMPANY; J.C. PENNEY MEXICO, INC.; J.C. PENNEY REINSURANCE COMPANY; JCP PUBLICATIONS CORP.; J.P. MORGAN CHASE & CO.; MCAFEE, INC.; PEROT SYSTEMS CORPORATION; RENT-A-CENTER, INC.; RESEARCH IN MOTION CORPORATION; SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE, INC.; SYMANTEC CORPORATION; WELLS FARGO & COMPANY; YAHOO!, INC. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff InNova Patent Licensing, LLC for its Complaint against Defendants 3Com Corporation; Alcatel-Lucent Holding, Inc.; American International Group, Inc.; AOL, Inc.;  Apple Inc.; Bank of America Corporation; Capital One Auto Finance, Inc.; Capital One Financial Corporation; Cinemark, Inc.; Cinemark Holdings, Inc.; Citigroup, Inc.; Crossmark, Inc.; Dell, Inc.; Dr Pepper Snapple Group, Inc.; Ericsson, Inc.; Frito-Lay, Inc.; Frito-Lay North America, Inc.; Google, Inc.; Hewlett-Packard Company; HP Enterprise Services, LLC; International Business Machines Corporation; J.C. Penney Company, Inc.; J.C. Penny Corporation, Inc.; J.C. Penney Life Insurance Company; J.C. Penney Mexico, Inc.; J.C. Penney Reinsurance Company; JCP Publications Corp.; J.P. Morgan Chase & Co.; McAfee, Inc.; Perot Systems Corporation; Rent-A-Center, Inc.; Research in Motion Corporation; Siemens Product Lifecycle Management Software, Inc.; Symantec Corporation; Wells Fargo & Company; and Yahoo!, Inc. hereby alleges as follows:

**THE PARTIES**

1.      Plaintiff InNova Patent Licensing, LLC  ("InNova") is a limited liability company organized and existing under the laws of Texas, having its principal place of business at 911 NW Loop 281, Suite 211-14, Longview, TX 75604.

2.      On information and belief, Defendant 3Com Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 350 Campus Dr., Marlborough, MA 01752.

3. On information and belief, Defendant Alcatel-Lucent Holding, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3400 W. Plano Pkwy., Plano, TX, 75075.

4. On information and belief, Defendant American International Group, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 70 Pine St., New York, NY 10270.

5. On information and belief, Defendant AOL, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 770 Broadway, New York, NY 10003.

6. On information and belief, Defendant Apple Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

7. On information and belief, Defendant Bank of America Corporation is a corporation organized and existing under the laws of the State of North Carolina, having its principal place of business at 100 N. Tryon St., Charlotte, NC 28255.

8. On information and belief, Defendant Capital One Auto Finance, Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 3901 N. Dallas Pkwy, Plano, TX 75093.

9. On information and belief, Defendant Capital One Financial Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1680 Capital One Dr., McLean, VA 22102.

10. On information and belief, Defendant Cinemark, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3900 Dallas Pkwy Ste 500, Plano, TX 75093.

11. On information and belief, Defendant Cinemark Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3900 Dallas Pkwy Ste. 500, Plano, TX 75093.

12. On information and belief, Defendant Citigroup, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 399 Park Ave., New York, NY 10043.

13. On information and belief, Defendant Crossmark, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5100 Legacy Dr., Plano, TX 75024.

14. On information and belief, Defendant Dell, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Dell Way, Round Rock, TX 78682.

15. On information and belief, Defendant Dr Pepper Snapple Group, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5301 Legacy Dr., Plano, TX 75024.

16. On information and belief, Defendant Ericsson, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Dr., Plano, TX 75024.

17. On information and belief, Defendant Frito-Lay, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 7701 Legacy Dr., Plano, TX 75024.

18. On information and belief, Defendant Frito-Lay North America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 7701 Legacy Dr., Plano, TX 75024.

19. On information and belief, Defendant Google, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

20. On information and belief, Defendant Hewlett-Packard Company is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3000 Hanover St., Palo Alto, CA 94304.

21. On information and belief, Defendant HP Enterprise Services, LLC is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5400 Legacy Dr., Plano, TX 75024.

22. On information and belief, Defendant International Business Machines Corporation is a corporation organized and existing under the laws of the State of New York, having its principal place of business at New Orchard Road, Armonk, NY, 10504.

23. On information and belief, Defendant J.C. Penney Company, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6501 Legacy Dr., Plano, TX, 75024.

24.     On information and belief, Defendant J.C. Penny Corporation, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6501 Legacy Dr., Plano, TX, 75024.

25.     On information and belief, Defendant J.C. Penney Life Insurance Company is a corporation organized and existing under the laws of the State of Vermont, having its principal place of business at 2700 W. Plano Pkwy, Plano, TX, 75075.

26.     On information and belief, Defendant J.C. Penney Mexico, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6501 Legacy Dr., Plano, TX 75024.

27.     On information and belief, Defendant J.C. Penney Reinsurance Company is a corporation organized and existing under the laws of the State of Arizona, having its principal place of business at 2700 W. Plano Pkwy, Plano, TX, 75075.

28.     On information and belief, Defendant JCP Publications Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6501 Legacy Dr., Plano, TX 75024.

29.     On information and belief, Defendant J.P. Morgan Chase & Co. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 270 Park Ave., New York, NY, 10017.

30.     On information and belief, Defendant McAfee, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3965 Freedom Circle, Santa Clara, CA 95054.

31. On information and belief, Defendant Perot Systems Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2300 W. Plano Pkwy., Plano, TX, 75075.

32. On information and belief, Defendant Rent-A-Center, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5501 Headquarters Dr., Plano, TX 75024.

33. On information and belief, Defendant Research in Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 122 West Carpenter Freeway, #420, Irving, TX 75039.

34. On information and belief, Defendant Siemens Product Lifecycle Management Software, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5800 Granite Pkwy, Ste. 600, Plano, TX 75024.

35. On information and belief, Defendant Symantec Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 350 Ellis Street, Mountain View, CA 94043.

36. On information and belief, Defendant Wells Fargo & Company is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 420 Montgomery St., San Francisco, CA 94163.

37. On information and belief, Defendant Yahoo!, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 701 1st Ave., Sunnyvale, CA 94089.

**JURISDICTION AND VENUE**

38.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 101 *et seq.*.  This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331 and 1338(a).

39.     This Court has specific and/or general personal jurisdiction over Defendants because they have committed acts giving rise to this action within this judicial district and/or have established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

40.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because each Defendant resides in this district, has and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

**CLAIMS**

**INFRINGEMENT OF U.S. PATENT 6,018,761**

41.     InNova re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-40 above as if fully set forth herein.

42.     On January 25, 2000, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,018,761 ("the '761 patent") entitled "System for Adding to Electronic Mail Messages Information Obtained from Sources External to the Electronic Mail Transport Process."  A true and correct copy of the '761 patent is attached hereto as Exhibit A.

43.     InNova is the owner and assignee of all right, title and interest in and to the '761 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

44.     On information and belief, Defendant 3Com Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, its Anti-Spam Filter Services, Unified Security Platforms and the software and/or hardware used to filter e-mail sent to the domain "3com.com."

45.     On information and belief, Defendant Alcatel-Lucent Holding, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "alcatel-lucent.com."

46.     On information and belief, Defendant American International Group, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "aig.com."

47.     On information and belief, Defendant AOL, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering

software and/or hardware including, without limitation, AOL Mail and the software and/or hardware used to filter e-mail sent to the domain "corp.aol.com."

48. On information and belief, Defendant Apple Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Apple OS X and the software and/or hardware used to filter e-mail sent to the domain "apple.com."

49. On information and belief, Defendant Bank of America Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "bankofamerica.com."

50. On information and belief, Defendant Capital One Auto Finance, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "capitaloneauto.com."

51. On information and belief, Defendant Capital One Financial Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "capitalone.com."

52. On information and belief, Defendant Cinemark, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "cinemark.com."

53. On information and belief, Defendant Cinemark Holdings, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "cinemark.com."

54. On information and belief, Defendant Citigroup, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "citi.com."

55. On information and belief, Defendant Crossmark, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "crossmark.com."

56. On information and belief, Defendant Dell, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering

software and/or hardware including, without limitation, Dell Email Management Services and the software and/or hardware used to filter e-mail sent to the domain "dell.com."

57. On information and belief, Defendant Dr Pepper Snapple Group, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "drpeppersnapplegroup.com."

58. On information and belief, Defendant Ericsson, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "ericsson.com."

59. On information and belief, Defendant Frito-Lay, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "pbsg.com."

60. On information and belief, Defendant Frito-Lay North America, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "pbsg.com."

61.     On information and belief, Defendant Google, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Postini, gMail and the software and/or hardware used to filter e-mail sent to the domain "google.com."

62.     On information and belief, Defendant Hewlett-Packard Company has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, HP-UX operating systems and the software and/or hardware used to filter e-mail sent to the domain "hp.com."

63.     On information and belief, Defendant HP Enterprise Services, LLC has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Managed Messaging Services and the software and/or hardware used to filter e-mail sent to the domain "eds.com."

64.     On information and belief, Defendant International Business Machines Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Express Managed Services for e-mail security and the software and/or hardware used to filter e-mail sent to the domain "us.ibm.com."

65. On information and belief, Defendant J.C. Penney Company, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jcpenny.com."

66. On information and belief, Defendant J.C. Penney Corporation, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jcpenny.com."

67. On information and belief, Defendant J.C. Penney Life Insurance Company has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jcpenny.com."

68. On information and belief, Defendant J.C. Penney Mexico, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jcpenny.com."

69. On information and belief, Defendant J.C. Penney Reinsurance Company has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or

selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jcpenny.com."

70.     On information and belief, Defendant JCP Publications Corp. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jcpenny.com."

71.     On information and belief, Defendant J.P. Morgan Chase & Co. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "jpmchase.com."

72.     On information and belief, Defendant McAfee, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Spamkiller and the software and/or hardware used to filter e-mail sent to the domain "mcafee.com."

73.     On information and belief, Defendant Perot Systems Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Dell Services E-Mail Content Filtering and the software and/or hardware used to filter e-mail sent to the domain "ps.net."

74. On information and belief, Defendant Rent-A-Center, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "rentacenter.com."

75. On information and belief, Defendant Research in Motion Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "rim.com."

76. On information and belief, Defendant Siemens Product Lifecycle Management Software, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "siemens.com."

77. On information and belief, Defendant Symantec Corporation has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Symantec Brightmail AntiSpam and the software and/or hardware used to filter e-mail sent to the domain "symantec.com."

78. On information and belief, Defendant Wells Fargo & Company has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, the software and/or hardware used to filter e-mail sent to the domain "wellsfargo.com."

79. On information and belief, Defendant and Yahoo!, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Yahoo! Mail and the software and/or hardware used to filter e-mail sent to the domain "yahoo.com."

80. Upon information and belief, the following defendants' infringement of the '761 patent is willful and thus entitles InNova to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285: Ericsson, Inc., Hewlett-Packard Company, International Business Machines Corporation and Research in Motion Corporation.

81. Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '761 patent unless enjoined by this Court.

82. Defendants' acts of infringement have damaged InNova in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendants' infringement of InNova's rights under the '761 patent will continue to damage InNova causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

83. Wherefore, InNova respectfully requests that this Court enter judgment against Defendants as follows:

a. For a judgment that Defendants have infringed and continue to infringe the '761 patent;

b. For judgment that the following defendants' acts of infringement, contributory infringement, and inducing infringement have been and are willful: Ericsson, Inc., Hewlett-Packard Company, International Business Machines Corporation and Research in Motion Corporation;

c. For a permanent injunction against each Defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing, inducing the infringement of, or contributing to the infringement of the '761 patent;

d. For an accounting of all damages caused to InNova by Defendants' acts of infringement;

e. For a judgment and order requiring each Defendant to pay InNova its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '761 patent as provided under 35 U.S.C. § 284.

f. For a judgment and order finding this to be an exceptional case, and awarding InNova attorney fees under 35 U.S.C. § 285; and

g. For such relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

84. InNova demands a trial by jury of all issues triable by a jury.

Dated: July 20, 2010

>Respectfully submitted,
>
>*/s/ Christopher D. Banys*
>Christopher D. Banys - ***Lead Attorney***
>
>LANIER LAW FIRM, P.C.
>Christopher D. Banys   SBN: 230038 (California)
>Daniel W. Bedell         SBN: 254912 (California)
>Carmen Aviles            SBN: 251993 (California)
>The Lanier Law Firm, P.C.
>2200 Geng Road, Suite 200
>Palo Alto, CA 94303
>Tel: (650) 332-9100
>Fax: (650) 322-9103
>cdb@lanierlawfirm.com
>dwb@lanierlawfirm.com
>cma@lanierlawfirm.com
>
>WARD & SMITH LAW FIRM
>Wesley Hill           SBN: 24032294
>111 W. Tyler Street
>Longview, TX 75601
>(903) 757-6400
>(903) 757-2323  (fax)
>wh@jwfirm.com