UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INNOVA PATENT LICENSING, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> 3COM CORPORATION, et.al. § <br> § <br> Defendants. § <br> § <br> § | Civil Action No. 2:10-cv-251 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT YAHOO! INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Defendant Yahoo! Inc. ("Yahoo!") hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff InNova Patent Licensing, LLC's claims against Yahoo! for failure to state a clam upon which relief can be granted. In the alternative, Yahoo! hereby moves for a more definite statement of Plaintiff's claims against Yahoo! pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b), Yahoo! files this motion in lieu of an answer and without waiving its right to answer the allegations in Plaintiff's Complaint.

**I.    SUMMARY OF ARGUMENT**

Plaintiff's pleadings of patent infringement are blanket assertions that lack supporting facts, thus failing to state a claim upon which relief can be granted. The Complaint, therefore, fails to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure as articulated by the Supreme Court in *Bell Atlantic Corp v. Twombly*. 550 U.S. 544 (2007).

To comply with Rule 8(a), a complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief," including allegations that are "enough to raise a right to relief

above the speculative level." *Id*. at 555 n. 3.  The allegations in the Complaint provide no facts showing that Yahoo! directly infringes U.S. Patent No. 6,018,761 (the "'761 patent").  Instead, the Complaint merely states unsupported legal conclusions that fail to identify how Yahoo! purportedly infringes the '761 patent.  It is also unclear whether Plaintiff is alleging that Yahoo! has contributorily infringed and/or induced infringement of the '761 patent.  Moreover, the description of accused products and services is indecipherable, open-ended and vague, placing the burden on Yahoo! to determine the accused products and services.  This motion to dismiss should be granted because the claims against Yahoo! amount to nothing more than legal conclusions and blanket assertions, made without any supporting facts, and comprised of vague and indefinite descriptions of allegedly infringing services.

Yahoo! also joins Defendant Symantec Corporation's Motion to Dismiss Plaintiff InNova Patent Licensing, LLC's Complaint Pursuant to 35 USC §101 (Dkt. No. 160) and requests that the Complaint be dismissed for the reasons stated in Symnatec's opening motion and any subsequent briefing or argument.  (*See* Defendant Yahoo! Inc.'s Motion to Join Symantec Corporation's Motion to Dismiss Pursuant to 35 U.S.C. § 101, Dkt. No. 223)

In the alternative, for the same reasons outlined above and detailed below, Plaintiff should be ordered to provide a more definite statement concerning Yahoo!'s alleged infringement.  The more definite statement should provide an identification of the specific accused instrumentalities, as well as a clear identification and explanation of type(s) of infringement being alleged.

## II.   STATEMENT OF FACTS

On July 20, 2010, Plaintiff filed its Complaint against Yahoo! and thirty-five additional Defendants alleging infringement of the '761 patent.  (Compl. ¶¶ 2-37.)  The '761 patent is entitled "System for Adding to Electronic Mail Messages Information Obtained from Sources

External to the Electronic Mail Transport Process." (Compl. ¶¶ 42.) The Complaint includes a single boilerplate statement in support of its infringement claims against Yahoo!. Specifically, the Complaint alleges that:

> Upon information and belief, Defendant and Yahoo!, Inc. has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, and offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, Yahoo! Mail and the software and/or hardware used to filter email sent to the domain "yahoo.com."

(Compl. ¶ 79.)

The Complaint also includes a single indirect allegation of inducement and contributory infringement that lacks any specificity as to Yahoo! or any other defendant:

> Upon information and belief, Defendants will continue to directly infringe, induce infringement, and/or contribute to the infringement of the '761 patent unless enjoined by this Court.

(Compl. ¶ 81.)

Plaintiff pleads no additional facts or details identifying or specifying the accused products and/or services, nor does it allege any facts from which Yahoo! can determine which of its many products and/or services are allegedly infringing. The only service listed in its allegations is Yahoo! Mail, which is Yahoo!'s free electronic mail service that includes a number of identifiable features. The Complaint, however, does not specify which Yahoo! Mail feature is accused of infringement. Further, while the Complaint mentions "filtering," it fails to identify which purported "filtering" features or functions are alleged to infringe.

Plaintiff's reference to "yahoo.com" is no more help, as Yahoo! provides a vast number of features and services on the "yahoo.com" domain, none of which are alleged to infringe. Once again, the Complaint does not specifically accuse any features or services provided on the "yahoo.com" domain of infringement. Rather, the Complaint provides only blanket assertions.

### III. ARGUMENT

#### A. The Court Should Dismiss the Complaint Against Yahoo! Because Plaintiff's Infringement Allegations are Conclusory And Are Devoid of Facts Sufficient To State A Claim Upon Which Relief Can Be Granted

The Federal Rules of Civil Procedure require more than blanket assertions to comply with the pleadings standard of Rule 8(a). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (internal citations and footnote omitted). A complaint can be attacked by motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it does not comply with the requirements of Rule 8(a). *See id.* Plaintiff's Complaint with respect to Yahoo! consists of legal conclusions, instead of factual allegations, which are patently vague and ambiguous. As a result, the Complaint fails to meet the minimum pleading standard and should be dismissed.

In *Bell Atlantic,* the Supreme Court affirmed the district court's decision to dismiss an antitrust complaint that did not allege the facts needed to plausibly suggest the existence of a contract that violated § 1 of the Sherman Act. *Id.* at 553-59. The Court explained that more than blanket assertions are needed to comply with Rule 8(a) and a factual "showing" is necessary not only to provide "fair notice of the nature of the claim, but also [the] grounds on which the claim rests." *Id.* at 555 n. 3 (citations omitted). Accordingly, a proper complaint must allege enough facts to state of claim for relief that is plausible on its face to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 547; *see also Cunningham v. Offshore Specialty Fabrications, Inc.,* 543 F. Supp. 2d 614, 620 (E.D. Tex. 2008) ("Plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

*Bell Atlantic* clarified the pleading standard originally considered the "no set of facts" standard of *Conley*. *See Bell Atl. Corp.,* 550 U.S. at 546. Indeed, the Court warned against the literal application of the *Conley* standard and explained that the case merely "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* Further, in its consideration of a Rule 12(b)(6) motion, the 5th Circuit has held that "in *Bell Atlantic,* the Supreme Court made clear that the *Conley* rule is not 'the minimum standard of adequate pleading to govern a complaint's survival.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 n. 10 (5th Cir. 2007) (quotations omitted).[1] As such, Plaintiff is required to at least plead facts, in more than just conclusory fashion, that state how Yahoo! allegedly infringes the '761 patent.

The pleading standard, as clarified in *Bell Atlantic,* has been applied specifically to pleadings in patent infringement actions. *See AntiCancer Inc. v. Xenogen Corp., et al.,* 2007 U.S. Dist. LEXIS 59811, *9-10 (C.D. Cal. Aug. 13, 2007). In *AntiCancer,* the Court ruled that in patent infringement cases, the pleading standard calls for parties to "demonstrate a plausible entitlement to relief." *Id.* at *10. The Court granted the defendants' motion to dismiss the two claims of infringement as the plaintiff "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief." *See Id.* at * 11.

In addition, patent infringement allegations that include an open ended description of allegedly infringing products and/or services have been found to fail the basic pleading standard. *See Realtime Data, LLC v. Stanley,* Civ. No. 09-326, --- F. Supp. 2d ---, 2010 WL 2403779 (E.D. Tex. June 10, 2010); *Ondeo Nalco Co. v. EKA Chemicals, Inc.,* No. 01-537 SLR, 2002 U.S. Dist.

---

[1] The Federal Circuit applies the law of the regional circuit when reviewing a Rule 12(b)(6) ruling. *C & F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000).

LEXIS 26195, *3-4, n.2 (D. Del. Aug 10, 2002). In *Ondeo Nalco,* the defendant filed a counterclaim alleging infringement against the plaintiff. *Ondeo Nalco* at *3-4, n.2. The defendant identified the allegedly infringing products as "Nalco's products, including the 8692 product" and "products, including the product numbered 8692, . . . that are used in paper-making processes." *Id.* *4, n. 2. The Court ruled that such descriptions insufficiently identified which products were being accused of infringement with the exception of the 8692 product itself. *Id.* at *4.

Recently, in *Ashcroft v. Iqbal*, the Supreme Court reiterated that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp.,* 550 U.S. at 570). The plausibility standard is not, however, akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* Plaintiff's Complaint does not meet the required plausibility standard and fails to sufficiently state a claim upon which relief could be granted. Thus, Plaintiff's Complaint should be dismissed.

> 1. *Plaintiff's Allegations of Infringement Fail to Satisfy the Pleading Requirements of Rule 8(a) and Should be Dismissed*

Plaintiff's allegations of infringement against Yahoo! are as scarce as the allegations pleaded in *AntiCancer* and *Ondeo Nalco,* both of which failed to meet the Rule 8(a) standard. The Complaint alleges that Yahoo! infringes the '761 patent, "by making, using, and offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation,

Yahoo! Mail and the software and/or hardware used to filter email sent to the domain 'yahoo.com.'"(Compl. ¶ 79.) Instead of providing facts identifying which of Yahoo!'s products or services allegedly infringe the '761 patent or explaining how Yahoo! purportedly infringes the '761 patent, the Complaint merely states conclusory allegations that Yahoo! provides email filtering software and/or hardware that infringe the '761 patent. Thus, the Complaint fails to provide sufficient facts showing culpable conduct on Yahoo!'s part. *Bell Atl. Corp.,* 127 S. Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement or relief.").

Further, the Complaint provides vague and overbroad descriptions of Yahoo!'s accused products and services. The Complaint briefly mentions Yahoo! Mail and "filtering," but fails to provide any specifics about which features of Yahoo! Mail allegedly infringe, what is meant by "e-mail filtering", or what "e-mail filtering" is being accused of infringement. (Compl. ¶ 79.) Yahoo! Mail is Yahoo!'s free electronic mail service that includes a number of identifiable features, none of which have been specifically identified as accused of infringement. Plaintiff's identification of accused products "without limitation" further muddies the waters and is particularly problematic, as it is an opened-ended pleading without any discernable limitation. *Bell Atl. Corp.,* 127 S. Ct. at 1965.

Outside of Yahoo! Mail, the Complaint refers generally to the software and/or hardware used to filter email sent to the domain "yahoo.com." The statements provided in the Complaint are too vague to provide Yahoo! with fair notice of the accused features and services. Fair notice is important because it may trigger requirements for seeking indemnity from a third party and is the only manner by which Yahoo! can fulfill its obligations to make certain that relevant documentary evidence is maintained for purposes of this litigation. Moreover, these statements

improperly transfer the burden of deciphering Plaintiff's infringement claims to Yahoo!. These insufficient factual allegations are nearly identical to *AntiCancer* and *Ondeo Nalco*. Therefore, Plaintiff's Complaint does not satisfy Rule 8(a)(2). *See Ondeo Nalco,* 2002 U.S. Dist. LEXIS 26195, at *1-2.

### 2. Plaintiff's Vague Allegations of Contributory Infringement Should be Dismissed for Lack of Specificity and Lack of Factual Support

It is not clear whether Plaintiff is alleging that Yahoo! has contributorily infringed. If that is Plaintiff's intent, the Complaint fails to provide adequate notice to Yahoo! of Plaintiff's infringement claims, and it fails to adequately plead facts sufficient to support a claim of contributory infringement. An accused infringer may be held liable as a contributory infringer under 35 U.S.C. § 271(c) if it is shown that (1) the defendant made or practiced the patented device or process, (2) that the device or process has no substantial non-infringing uses, (3) and that the defendant sold or provided the device or process within the United States to a customer, and (4) whose use constituted an act of direct infringement. *See, e.g., DSU Med. Corp. v. JMS, Co.,* 471 F.3d 1293, 1303 (Fed. Cir. 2006) (sitting *en banc* on inducement only). Failure to adequately plead facts supporting contributory infringement should lead to a dismissal of that claim. *See Performance Aftermarket Parts Group, LTD. v. TI Group Automotive Systems, LLC,* 2007 U.S. Dist. LEXIS 70974, at *8 (S.D. Tex. Sep. 25, 2007) (The Court ruled that the defendant's contributory infringement counterclaim was inadequate under Rule 8(a) and dismissed Defendant's counterclaim because there were no factual allegations that would have supported a contributory infringement claim).

The patentee also has the burden of "show[ing] direct infringement of each instance of indirect infringement." *DSU Med. Corp.,* 471 F.3d at 1303; s*ee, e.g.*, *Realtime Data*, 2010 WL 2403779 at *1 (adopting magistrate judge's recommendation that indirect-infringement claims be

dismissed for failure to identify a direct infringer);. As such, Plaintiff's Complaint must allege facts that plausibly show that the elements for contributory infringement are met. Instead of pleading such factual allegations, the Complaint merely makes a conclusory statement that Yahoo!, along with each of the thirty-six defendants, "will continue to directly infringe, induce infringement and/or contribute to the infringement of the '761 patent unless enjoined by the Court." (Compl. ¶ 81.) The Complaint does not identify a particular entity that directly infringes the patent, nor does it provide any facts pertaining to the lack of non-infringing uses of the system in the '761 patent.

The facts necessary to state a claim of contributory infringement according to the standards applied in *Bell Atlantic*, *DSU* or *Realtime Data* are not alleged in Plaintiff's Complaint. Therefore, the Court should dismiss any claim against Yahoo! based upon contributory infringement.

### 3. *Plaintiff's Vague Allegations of Inducing Infringement Should Be Dismissed for Lack of Specificity and Lack of Factual Support*

It also is not clear whether Plaintiff is alleging that Yahoo! has induced infringement. If that is Plaintiff's intent, the Complaint again fails to provide Yahoo! with proper notice of Plaintiff's infringement claims and fails to plead facts sufficient to support a claim for induced infringement. A properly plead complaint alleging inducement to infringe must contain facts that plausibly show that (1) the accused infringer knew of the patent in suit, (2) the accused infringer knowingly and actively aided and abetted another's direct infringement, (3) the accused infringer possessed the *specific intent* to encourage another's direct infringement, and (4) that the direct infringement which was encouraged actually occurred. *See DSU Med. Corp.,* 471 F.3d at 1304-06 (emphasis added). The intent element must be plead with "evidence of culpable

conduct, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

The Complaint only states that Yahoo!, along with each of the thirty-six defendants, "will continue to directly infringe, induce infringement and/or contribute to the infringement of the '761 patent unless enjoined by the Court." (Compl. ¶ 81.) Plaintiff's Complaint is devoid of any facts that, even if accepted as true, would support a claim of inducing infringement. Specifically, there are no factual allegations of knowledge or intent.

Plaintiff's Complaint fails to plead facts that are necessary to state a claim of induced infringement according to the standards set forth in *Bell Atlantic* and *DSU*. Accordingly, the Court should dismiss any claim against Yahoo! for inducing infringement of the '761 patent.

**B      The Court Should Dismiss the Complaint Against Yahoo! Because The Claims of the '761 Patent are Invalid Under 35 U.S.C. § 101**

Defendant Symantec Corporation has moved to dismiss the complaint on the grounds that the claims of the '761 Patent are invalid under 35 USC §101 (Dkt. No. 160). Yahoo! joins with Defendant, Symantec Corporation, in its arguments, original motion, and any subsequent briefing related to this Motion to Dismiss and requests that the Complaint against Yahoo! be dismissed on these same grounds. (*See* Defendant Yahoo! Inc.'s Motion to Join Symantec Corporation's Motion to Dismiss Pursuant to 35 U.S.C. § 101, Dkt. No. 223)

**C.     In the Alternative, At a Minimum, The Court Should Order Plaintiff To Provide A More Definite Statement About Yahoo!'s Alleged Infringement**

Even if the Court determines that Plaintiff's claims against Yahoo! should not be dismissed, Yahoo! requests, under Rule 12(e), that Plaintiff be ordered to provide a more definite statement setting forth its infringement allegations against Yahoo!. Rule 12(e) allows a party to move for a more definite statement when a complaint contains infringement allegations, such as the present Complaint, that are vague and ambiguous and must be amended so that the

responding party can draft a responsive pleading. Fed. Civ. P. 12(e), *see also Beanal v. Freeport-McMoran Inc.,* 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."). Likewise, a motion for more definite statement is appropriate when the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew,* 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (2d ed. 1990)).

Courts have often requested that a plaintiff provide a more definite statement when the plaintiff's complaint contains only "bald, conclusory statements." *Diabetes Centers of America, Inc. v. Health PIA America, Inc.,* 2007 U.S. Dist. LEXIS 41427, *8 (S.D. Tex. June 7, 2007). Patentee plaintiffs have also been required to provide a more definite statement when the plaintiff has failed to accurately identify the accused infringing product or service. *See, e.g., In re Papst Licensing GmbH Patent Litig.,* MDL 1298, 2001 U.S. Dist. LEXIS 2255, at *4 (E.D. La. Feb. 22, 2001) (granting a motion for a more definite statement where the allegations of infringement encompassed any IBM product that contained a hard disk drive); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC,* No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *5-6 (E.D. Wis. Nov. 29, 2006)(granting a motion for a more definite statement where the plaintiff failed to identify any allegedly infringing product or set forth a limiting parameter). Moreover, it is reasonable for a district court to "insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atl. Corp.,* 127 S. Ct. at 1967; *see also Performance Aftermarket Parts Group,* 2007 U.S. Dist. LEXIS 70974 at *5.

Plaintiff's Complaint attempts to "foist the burden of discerning what features and services it believes infringe the patent onto defense counsel." *See eSoft v. Astaro Corp.,* 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006). As discussed above, Plaintiff's Complaint provides ambiguous and open-ended references to "the software and/or hardware used to filter e-mail sent to the domain 'yahoo.com.'" as allegedly infringing the '761 patent. (Compl. ¶ 79.) To respond to the ambiguous allegations in the Complaint, particularly in view of the "everything under the sun" product descriptions in the Complaint, Yahoo! would have to scour its entire portfolio of products and services distributed across all of its websites related to the domain "yahoo.com" to determine whether any features or services allegedly infringe the '761 patent. Such a search would place an unreasonable burden on Yahoo! when that burden should properly rest with Plaintiff. *See In re Papst,* 2001 U.S. Dist. LEXIS 2255 at * 4-5; *see also Bay Indus., Inc. v. Tru Arx Mfg., LLC,* U.S. Dist. LEXIS 86757, at *5 (E.D. Wis. Nov. 29, 2006) ("Defendant should not have to guess which of its products infringes nor guess how its products might fall within plaintiff's interpretations of the claims of the patent.").

Additionally, Plaintiff should provide a more definite statement because the Complaint lacks a sufficient factual showing of how any of Yahoo!'s products or services allegedly infringe the '761 patent. As argued above, a more definite statement is further needed because the Complaint's allegations of contributory and induced infringement are deficient and, to the extent other infringement allegations are presented, they are merely conclusory statements of infringement.

## IV. CONCLUSION

For the aforementioned reasons, Yahoo! respectfully requests that the Court dismiss Plaintiff's claims of patent infringement against Yahoo!. In the alternative, Plaintiff should be ordered to provide a more definite statement of its claims, including an identification of the

particular aspect or aspects of Yahoo!'s products and services that allegedly infringe the '761 patent, and an explanation of how those aspects of Yahoo!'s products and services allegedly infringe the '761 patent.

        Respectfully submitted,

        /s/ Jennifer H. Doan
        Jennifer Doan
        Texas Bar No. 08809050
        Joshua R. Thane
        Texas Bar No. 24060713
        HALTOM & DOAN
        6500 Summerhill Road, Suite 100
        Texarkana, Texas 75503
        Tel: 903.255.1002
        Fax: 903.255.0800
        Email: jdoan@haltomdoan.com
        Email: jthane@haltomdoan.com

        Jason C. White
        HOWREY LLP
        321 N. Clark Street, Suite 3400
        Chicago IL 60654
        Telephone: (312) 595-1239
        Email: WhiteJ@Howrey.com

**ATTORNEYS FOR YAHOO! INC.**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 12th day of October, 2010.

        /s/ Jennifer H. Doan
        Jennifer H. Doan