**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INNOVA PATENT LICENSING, LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> 3COM CORPORATION, et al. § <br> § <br> § <br> Defendants. § <br> § <br> § <br> § | Civil Action No. 2:10-cv-251-DF-CE <br><br> JURY TRIAL DEMANDED |

**INNOVA'S OPPOSITION TO AMERICAN INTERNATIONAL GROUP, INC.'S
MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT**

**I.      INTRODUCTION**

InNova has pled sufficient facts to state a claim to relief that is plausible on its face. The Complaint (1) identifies the patent-in-suit, (2) alleges that InNova is the owner, (3) alleges that AIG makes, uses, offers to sell, and/or sells infringing e-mail filtering software and/or hardware and (4) alleges that AIG induces and/or contributes to infringement of the asserted patent. This is a level of detail approved by the Federal Circuit, this Court and Form 18 and is sufficient to allow AIG to respond.

AIG's contentions that a higher standard should apply to direct, induced, and contributory infringement fail. Likewise, AIG's contention that Rule 11 requires complainants expound their pre-suit investigation in the complaint falls short. Moreover, AIG's passing noninfringement arguments are unsupported and misplaced at this stage of the case: prior to claim construction and the presentation of any evidence.

AIG's Motions to Dismiss and for a More Definite Statement should be denied.

## II.     ARGUMENT

### A.     LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Morgan v. Plano Indep. Sch. Dist.,* 2007 WL 1030633 at *2 (E.D. Tex. March 22, 2007) (Schell, J.); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  To prevail, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Morgan,* 2007 WL 1030633 at *2.  In considering the motion to dismiss, the "Court must accept as true all well-pleaded facts contained in plaintiff's complaint and view them in the light most favorable to the plaintiff."  *Id.*  And "all reasonable inferences are to be drawn in favor of the plaintiff's claims." *Id.*

Furthermore, Rule 8(a) simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule requires "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also, id.* ("we do not require heightened fact pleading of specifics"). Moreover, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

### B.     InNova Has Alleged Facts Sufficient To State A Claim Against AIG.

Taking as true all of the facts pleaded in the Complaint and reviewing them in the light most favorable to InNova, AIG's 12(b)(6) motion must fail.  InNova's Complaint identifies the patent-in-suit, alleges that InNova is the owner, and alleges that AIG makes, uses, offers to sell, and/or sells e-mail-filtering software and/or hardware products that embody the claimed

INNOVA'S OPPOSITION TO AMERICAN
INTERNATIONAL GROUP, INC.'S  MOTIONS TO
DISMISS AND FOR A MORE DEFINITE
STATEMENT

2

CASE NO.: 2:10-CV-00251-DF-CE

inventions. Complaint at ¶¶ 42, 43 and 46 (Dkt. No. 1). These direct-infringement allegations provide AIG the notice it needs to respond.

Further, the Federal Rules of Civil Procedure's Appendix of Forms contains examples of pleadings that comply with the rules. *See* Fed. R. Civ. P. 84. Form 18 provides a sample patent infringement complaint. Fed. R. Civ. P. Form 18. And "[t]he Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 2010 WL 2026627 at *2 (E.D. Tex. May 6, 2010) (Davis, J.); *Prust v. Softlayer Techs., Inc.,* 2:09-cv-236 at *3 (E.D. Tex. Apr. 9, 2010) (Dkt. No. 44) (Everingham, M.J.). "To hold otherwise would render Rule 84 and Form 18 invalid…[t]his cannot be the case." *Eolas Techs.*, 2010 WL 2026627 at *2.

"Form 18 contains a broad description of the patent's subject matter and the accused products: 'electric motors': it does not identify specific models or names of accused products." *Prust,* 2:09-cv-236 at *2-3 (holding that the language "software products and electronic data storage products" in the complaint was sufficient). Similarly, InNova's compliant accuses "software and/or hardware used to filter e-mail." Complaint at ¶ 46. And the InNova Complaint further identifies specific accused products as those "used to filter e-mail sent to the domain 'aig.com.'" *Id*. "This level of detail is sufficient for the pleading stage." *Prust,* 2:09-cv-236 at *3.

The only in-circuit cases that AIG cites solidify the sufficiency of InNova's complaint. *See* Defendant American International Group, Inc.'s Motion to Dismiss at 5-7 (Dkt. No. 162) (citing *Realtime Data, LLC v. Stanley*, 2010 WL 2403779 (E.D. Tex. June 10, 2010) (Davis, J.) and *Landmark Tech. LLC v. Aeropostale*, 6:09-cv-262, (Dkt. No. 122) (E.D. Tex. Mar. 29, 2010) (Davis, J.).

In *Realtime*, the plaintiff sued twenty-one defendants on "four patents with a multitude of claims." 2010 WL 2403779 at *2, *5. The only infringement allegation in the *Realtime* complaint was that all defendants make, use, sell or offer to sell "one or more data compression products and/or services." *Id.* at *3. The Court found that those allegations were not sufficient, but repeatedly cautioned that "[d]etermining whether the complaint states a plausible claim for relief will be a ***context-specific*** task." *Id.* (emphasis added); *id.* at *1 ("The Court examines the description of the accused systems or devices in context to determine whether the description is sufficient, but has not required that individual products be identified.); *id.* ("Similarly, the Court considers the description of the accused systems or methods in context to determine whether a defendant-specific identification is required).

A context-specific analysis – as required by *Realtime* – reveals the sufficiency of InNova's allegations. In *Realtime*, the plaintiff only identified "data compression products and/or services" for all twenty-one defendants. *Id*. at *5. The Court found that "without further context it is unclear as to what 'data compression products and/or services' refers." *Id.* Similarly, in *Landmark*, the plaintiff merely identified "electronic commerce systems." *Landmark*, 6:09-cv-262 at *5.

But InNova's allegations are far more specific. First, InNova does not just identify products for "data compression" or "electronic commerce," which in today's digital world, could refer to almost anything. Instead, InNova identifies products with a very specific purpose – filtering – for a very specific type of data – e-mail. InNova further identifies an exceedingly distinct subset of e-mail unique and specific to AIG: e-mail sent to the domain "aig.com." Complaint ¶ 46.

Further, unlike the plaintiffs in *Realtime* and *Landmark*, who respectively sued on "four patents with a multitude of claims" and three patents with over twenty claims, InNova sued on just one patent with just one independent claim and two dependent claims. *Realtime,* 2010 WL 2403779 at *2, *5; *Landmark,* 6:09-cv-262 at * 1; Complaint ¶ 42; Exh. A to Complaint (Dkt. No. 1-1).

What is more, the present context buttresses the precision of InNova's identification because AIG "does not itself make or sell any products." Mot. at 2, 9. Unlike defendants in several of the cases AIG cites, AIG does not have "unspecified multitudes of potentially-infringing products and services." *See Hewlett-Packard Co. v. Integraph Corp*, 2003 WL 23884794 at *1 (N.D. Cal. Sept. 6, 2003) (plaintiff identified "infringing software and hardware products" with no further elaboration and defendant had thousands of potentially-infringing products and services); *see Ondeo Nalco Co., v. EKA Chems., Inc*., 2002 WL 1458853 (D. Del. June 10, 2002) (the only allegations were for products "used in paper-making processes" against a company with an entire division dedicated to paper-making products).

InNova's allegations of induced and contributory infringement are also sufficient at this stage. *Traffic Info., LLC v. YAHOO Inc*., 2010 WL 2545500 at *2-3 (E.D. Tex. Apr. 13, 2010) (Everingham, M.J.) (denying motion to dismiss complaint). In *Traffic Info.*, the defendant, AAA, sought to dismiss the complaint for a perceived failure to clearly indicate whether plaintiff was asserting direct, indirect, or contributory infringement. *Id.* at *2. AAA further argued that the plaintiff had not alleged any facts establishing liability for direct, indirect, or contributory infringement. *Id*.

The complaint in *Traffic Info.* alleged that AAA and other defendants "infringe, contribute to infringement, and/or induce infringement of the [asserted] patent by making, using,

selling, offering to sell and/or importing, and/or causing others to use" accused products and services. *Id*. The Court rejected AAA's arguments and held that "neither Form 18 nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Id*. at *3.

InNova's Complaint – like the *Traffic Info.* complaint – alleges that AIG makes, uses, offers to sell, and/or sells e-mail-filtering software and/or hardware products that embody the claimed inventions and that AIG induces and/or contributes to infringement of the asserted patent. *Id.* at *2-3; Complaint at ¶¶ 46, 81. Therefore, InNova's "assertion of indirect and contributory infringement provides a level of detail similar to that approved by Form 18, the Federal Circuit, and the Eastern District of Texas." *Traffic Info.,* 2010 WL 2545500 at *3.

InNova has put AIG on notice of its direct and indirect infringement claims with a level of detail approved by the Federal Circuit, this Court and Form 18. AIG's Motions to Dismiss and for a More Definite Statement should be denied. *Id.* (denying both a motion to dismiss for failure to state a claim and a motion for a more definite statement where plaintiff provided a level of detail "similar to that approved by Form 18, the Federal Circuit, and the Eastern District of Texas").

C. **AIG's Attempt to Apply a Higher Pleading Standard to InNova's Complaint Fails.**

AIG's reliance on several out-of-circuit cases to argue for a higher pleading standard is unpersuasive. Mot. at 6-10 (citing 10 out-of-circuit cases). "Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit." *Prust,* 2:09-cv-236 at *2 (citing *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009)). And this Court has approved a complaint with infringement allegations like InNova's, holding that the complaint "provides a level of detail similar to that approved by Form 18, the

Federal Circuit, and the Eastern District of Texas." *Traffic Info.*, 2010 WL 2545500 at *3, (denying motions to dismiss for failure to state a claim and for a more definite statement because "[n]either Form 18 nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement."); *contra* Mot. at 8-9 (citing *Mallinckrodt, Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009), *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) and *Hewlett-Packard*, 2003 WL 23884794 at *2, for AIG's assertion that indirect infringement allegations must include facts establishing knowledge of the patent, intent to induce infringement and that a specific component was a material part of an infringing device); *contra* Mot. at 10 (citing *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008), *Bay Indus., Inc. v. Tru-Arx Mfg.*, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006) and *Static Control Components, Inc. v. Future Graphics, LLC*, 2008 WL 160827, *2 (M.D.N.C. Jan. 15, 2008) for AIG's assertion that a complaint must identify each asserted claim and the products that allegedly infringe each claim).

In addition to being out of circuit, several of AIG's cases are also factually inapt (*see Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279 (Fed. Cir. 2008) (an appeal of summary judgment of non-infringement); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) (appeal of infringement award)) and distinguishable from the present case (*see Hewlett-Packard*, 2003 WL 23884794 at *1 (plaintiff identified "infringing software and hardware products" with no further elaboration and defendant had thousands of potentially-infringing products and services); *Ondeo*, 2002 WL 1458853 (the only allegations were for products "used to make paper" against a company with an entire division dedicated to products used to make paper); *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal 2007) (allegations merely

said that defendants "directly infringed the Patent and…indirectly infringed the Patent by contributing to or inducing direct infringements of the Patent by others").

Further, other district courts have rejected AIG's contention that a higher standard should apply to infringement allegations. *See Automated Transactions, LLC, v. First Niagara Financial Group, Inc*., 1:10-cv-00407, at *10 (W.D.N.Y. Aug. 31, 2010) (Dkt. No. 66) (Rejecting AIG's exact application of *Hewlett-Packard* because "the simple answer is that if Form 18 were intended to require a greater level of specificity in identifying the infringing products, it could easily have said so, and it does not."); *CBT Flint Partners, LLC v. Goodmail Systems, Inc*., 529 F. Supp. 2d 1376, 1380 (N.D. Ga. 2007) ("Although the Form only provides a model for pleading direct infringement, there is no principled reason…for requiring more factual detail when the claim is one for contributory infringement at opposed to direct infringement."); *Rambus, Inc. v. Nvidia Corp*., 2008 WL 4911165, *3 (N.D. Cal. 2008) (rejecting argument that plaintiff must allege knowledge of the patent to support an allegation of induced infringement and finding that "alleging that defendant 'actively induced' is tantamount to alleging that defendant knowingly induced infringement"); *id*. (rejecting argument "that to state a claim for contributory infringement, plaintiff must also plead that the accused devices have no substantial non-infringing uses and that use of these devices constituted an act of direct infringement" and holding that the allegation that defendant "has contributed to and continues to contribute to infringement" is "sufficient to withstand a motion to dismiss").

### D. InNova is not Required to Include its Pre-suit Investigation in the Complaint.

Contrary to AIG's contention, InNova was not required to include its pre-suit investigation in the Complaint. *See* Mot. at 7 (arguing that InNova's perceived failure to include allegations sufficient to meet its Rule 11 obligations necessitates dismissal). The "issue raised

by this motion is whether [plaintiff] has alleged a cause of action, not whether it has a proper basis for doing so." *Automated Transactions,* 1:10-cv-00407 at *12. If AIG believes that InNova "has violated Rule 11, its remedy lies under that rule, not under Rule 12(b)(6)." *Id*.

Further, the additional detail AIG seeks will be provided in the Local Rule 3-1 disclosures. *WiAV Networks, LLC v. 3Com Corp*., 2009 WL 6048922 at *3 n.1 (E.D. Tex. Dec. 15, 2009) (Folsom, J.). And requiring "similar detailed factual disclosures at the pleading stage would serve no useful purpose." *CBT Flint,* 529 F. Supp. 2d 1376 at 1381 (interpreting analogous local patent rule).

### E. AIG's Noninfringement Assertions Fail.

AIG repeatedly claims that it "does not itself make or sell any products or services" and therefore cannot infringe InNova's patent. Mot. at 2 and 9. But AIG never addresses its use of infringing products, including products that filter e-mail sent to aig.com. And in today's electronic world, even a "holding" company like AIG uses e-mail.

What is more, a motion to dismiss tests the sufficiency of the pleadings, and InNova has alleged that AIG makes, uses, sells or offers to sell infringing products. And AIG did not provide ***any*** competent evidence otherwise. *C.f.* CV-7(b) ("When allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents shall be served and filed with the motion.") "Without any evidence or a claim construction at this stage of the case," the Court will not be persuaded that a defendant "cannot infringe, as a matter of law, any claim of the asserted patent[]." *Prust,* 2:09-cv-236 at *4. AIG's only support is a stipulation from the parties in a different suit. *See* Mot. at 9 (citing stipulation in *Phoenix Licensing, L.L.C. v. Aegon USA*, *Inc. et al.,* Civ. No. 2:10-212 (E.D. Tex. Aug. 25,

2010)).  But a third-party's stipulation in a completely different matter is not binding on the Court or InNova in this case.

## III. CONCLUSION

InNova has put AIG on notice of its direct and indirect infringement claims by complying with the standard approved by the Federal Circuit, this Court and Form 18.  Therefore, AIG's Motions to Dismiss and for a More Definite Statement should be denied.


Dated: October 15, 2010

                                        Respectfully submitted,


                                        */s/ Daniel W. Bedell*
                                        Daniel W. Bedell

LANIER LAW FIRM, P.C.
Christopher D. Banys   SBN: 230038 (California)
***Lead Counsel***
Daniel W. Bedell         SBN: 254912 (California)
Carmen Aviles            SBN: 251993 (California)
The Lanier Law Firm, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 332-9100
Fax: (650) 322-9103
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com
cma@lanierlawfirm.com

WARD & SMITH LAW FIRM
Wesley Hill          SBN: 24032294
111 W. Tyler Street
Longview, TX 75601
(903) 757-6400
(903) 757-2323  (fax)
wh@jwfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 15th day of October, 2010.

                                                                                  */s/ Georgia A. Perivoliotis*
                                                                                  Georgia A. Perivoliotis