**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INNOVA PATENT LICENSING, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:10-cv-251-DF |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| 3COM CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AOL INC.'S MOTION TO DISMISS
INNOVA'S CLAIMS OF INDIRECT INFRINGEMENT**

**Table of Contents**

I. INTRODUCTION ...........................................................................................................1

II. INNOVA PLEADS VIRTUALLY NO FACTS REGARDING ITS CLAIMS
FOR INDUCED INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT ...........1

III. ARGUMENT ..................................................................................................................2

    A. Conclusory Allegations, Unsupported by Alleged Facts, are Insufficient to
State a Claim on which Relief Can be Granted .......................................................2

    B. InNova's Complaint Does Not Adequately Plead a Claim of Induced
Infringement.............................................................................................................3

    C. InNova's Complaint Does Not Adequately Plead a Claim of Contributory
Infringement.............................................................................................................5

IV. CONCLUSION................................................................................................................6

I.      **Introduction**

Plaintiff InNova Patent Licensing, LLC ("InNova") filed a single Complaint against 36 defendants, including AOL Inc. ("AOL"), alleging patent infringement, induced infringement, and contributory infringement. (Dkt. 1, Complaint.) However, InNova's Complaint fails to comply with Fed. R. Civ. P. 8 with respect to its claims for induced infringement and contributory infringement because it fails to plead the elements of those causes of actions, and because it fails to allege sufficient facts supporting these claims. AOL therefore moves to dismiss InNova's claims for induced infringement and contributory infringement under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

II.     **InNova Pleads Virtually No Facts Regarding Its Claims for Induced Infringement and Contributory Infringement**

InNova alleges that AOL infringes U.S. Patent No. 6,018,761 ("the '761 patent") "by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, AOL Mail and the software and/or hardware used to filter e-mail sent to the domain 'corp.aol.com.'" (Dkt. 1, Complaint at ¶ 47.) While this allegation does not expressly allege that AOL indirectly infringes the '761 patent by inducing or contributing to the infringement of another, InNova's statements elsewhere in the Complaint indicate that it accuses AOL of indirect infringement. For example, InNova alleges that "Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '761 patent unless enjoined by this Court." (*Id.* at ¶ 81.) In its Prayer for Relief, InNova requests a permanent injunction against each Defendant, including AOL, "from . . . inducing the infringement of, or contributing to the infringement of the '761 patent." (*Id.* at ¶ 83(c).) Though

InNova apparently asserts indirect infringement based on these statements, it fails to allege necessary elements of induced and contributory infringement, or facts in support of these claims.

**III.     Argument**

**A.     Conclusory Allegations, Unsupported by Alleged Facts, are Insufficient to State a Claim on which Relief Can be Granted**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must also be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In considering a Rule 12(b)(6) motion, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions, not just antitrust cases). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under Rule 12(b)(6), a plaintiff must allege every essential element of a claim in order to withstand a motion to dismiss. *See United States v. Employing Plasters Ass'n*, 347 U.S. 186, 189 (1953). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *See Twombly,* 550 U.S. at 545, 555-56. In the context of alleged patent infringement, it is proper for a court to dismiss a complaint where the plaintiff fails to allege elements of a claim or to state

facts sufficient that, if proven true, would entitle plaintiff to relief for infringement of the asserted patent. *See, e.g., Mallinckrodt, Inc. v. E-Z-EM, Inc.*, 670 F.Supp. 2d 349, 354-55 (D. Del. 2009) (dismissing contributory and inducing infringement claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim); *Shearing v. Optical Radiation Corp.*, No. CV-S-93-850-DWH (LRL), 1994 WL 38244, at *1-2 (D. Nev. Mar. 25, 1994) (dismissing patent infringement claims for contributory infringement and inducement of infringement under Fed. R. Civ. P. 12(b)(6)); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. CIV. 2:03-1329-WBS, 2010 WL 4070208, at *2-3 (E.D. Cal. Oct. 18, 2010) (dismissing indirect infringement claims because "the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims," and "Plaintiff has not stated a plausible claim for relief under either § 271(b) or § 271(c)").

### B. InNova's Complaint Does Not Adequately Plead a Claim of Induced Infringement

InNova's attempt to plead a claim for induced infringement is inadequate. To properly plead inducement, a plaintiff must plead facts to show that (1) the defendant's actions induced infringing acts; (2) the defendant knew or should have known its actions would induce actual infringement; (3) the defendant possessed specific intent to encourage another's direct infringement; and (4) the direct infringement that was encouraged actually occurred. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* on inducement issue)). Regarding elements 2 and 3, knowledge is an indispensable prerequisite to an allegation of induced infringement, and a plaintiff must establish that the "defendant possessed the requisite knowledge or intent to be held vicariously liable," which "necessarily includes the requirement that the [defendant] knew of the patent." *Mallinckrodt,* 670 F.Supp. 2d at 354 (quoting

3

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004)). Further, "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Techs., Inc. v. Microsoft Corp.*, 09-cv-628, 2010 WL 3187025, at *6 (D. Del. Aug. 12, 2010) (citing *Mallinckrodt*, 670 F.Supp. 2d at 354 n.1).

InNova's Complaint does not plead these legal elements, much less any facts supporting these elements. Indeed, in its allegations with respect to AOL, InNova does not even allege that AOL encourages, or otherwise induces, any third party to infringe the '761 patent. (Dkt. 1, ¶ 47.) Accordingly, InNova's allegation of induced infringement falls well short of the level of specificity required by Rule 8. *See Twombly,* 550 U.S. at 556 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief."); *Realtime Data, LLC v. Stanley*, No. 6:09-cv-326-LED-JDL, 2010 WL 2403876, at *6 (E.D. Tex. May 7, 2010), adopted with clarifications, 2010 WL 2403779, *1 (E.D. Tex. Jun. 10, 2010) (dismissing claims for induced and contributory infringement under Rule 12(b)(6) where the plaintiff's allegations "importantly, also fail to identify which other party committed the underlying act of infringement"); *see also PA Advisors, LLC v. Google, Inc.*, No. No. 2:07-CV-480-DF, 2008 WL 4136426, at *7 (E.D. Tex. Aug. 8, 2008 (Folsom, J.) (finding insufficient allegations of induced infringement that failed to refer to the direct infringement of others); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-CV-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) ("Taken as whole, CWC's indirect infringement allegations—which fail to . . . identify a direct infringer in reference to its indirect infringement claims—does not state a claim for indirect infringement that is plausible on its face."); *Coolsavings.Com, Inc. v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (dismissing complaint with prejudice because the complaint "allege[d] only the 'bald assertion' of active inducement,

which 'without allegations of any facts supporting it,' does not satisfy the pleading requirements of the federal rules"); *Xpoint Techs.,* 2010 WL 3187025, at *6-7 (dismissing indirect infringement claims because "Plaintiff proffers virtually no specific allegations of indirect infringement . . . Instead, plaintiff simply inserts, where it lodges an allegation of direct infringement, that defendants were 'directly or indirectly' infringing.").

### C. InNova's Complaint Does Not Adequately Plead a Claim of Contributory Infringement

InNova's Complaint fails to allege the required elements of contributory infringement, and does not include any facts to support the required elements for such an allegation. A claim of contributory infringement requires a plaintiff to show that a party has sold an article for use in practicing a patent, "knowing it to be 'especially made or especially adapted for use in an infringement of such patent, and *not* a staple article or commodity of commerce *suitable for substantial non-infringing use*.'" *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (quoting 35 U.S.C. § 271(c) (emphases added in *Vita-Mix*)). In addition, "[t]he patentee always has the burden to show direct infringement for each instance of indirect infringement." *DSU Med.,* 471 F.3d at 1303. Therefore, a properly pled complaint must contain, at minimum, allegations and supporting facts to show that (1) the defendant makes and sells an article for use in another's infringing product; (2) defendant's article has no substantial non-infringing uses; (3) defendant had knowledge of the asserted patent and that downstream use of defendant's article infringed the patent; and (4) another's use or sale of the product incorporating the defendant's article actually constituted an act of direct infringement. *See id.* at 1303, 1305.

InNova does not allege the necessary elements of a cause of action for contributory infringement, but merely makes a conclusory statement that AOL has infringed the '761 patent "by making, using, offering to sell, and/or selling e-mail filtering software and/or hardware including, without limitation, AOL Mail and the software and/or hardware used to filter e-mail sent to the domain 'corp.aol.com.'" (Dkt. 1 at ¶ 47.) Further, InNova fails to allege any facts to support its apparent claim that AOL contributes to infringement of the '761 patent. Because InNova has not pled the required elements of a contributory infringement claim, nor any facts to support the required elements, the Court should dismiss this claim. *See Eolas Techs., Inc. v. Adobe Sys., Inc.,* No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (dismissing claims of contributory and induced infringement where the plaintiff "has not alleged a direct infringer in relation to its indirect infringement claims," and thus its "indirect infringement claim does not state a claim for indirect infringement that is plausible on its face."); *see also PA Advisors, LLC v. Google, Inc.*, No. 2:07-CV-480-DF, 2008 WL 4136426, at *7 (E.D. Tex. Aug. 8, 2008 (Folsom, J.) (finding insufficient allegations of contributory infringement that failed to refer to the direct infringement of others); *Clear With Computers*, 2010 WL 3155888, at *4; *Xpoint Techs.,* 2010 WL 3187025, at *6-7; *Mallinckrodt*, 670 F.Supp. 2d at 355.

### IV.     Conclusion

For the foregoing reasons, Defendant AOL respectfully requests that the Court dismiss Plaintiff InNova's claims of induced infringement and contributory infringement.

Dated: October 22, 2010 Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com

Gerald F. Ivey
Finnegan, Henderson, Farabow, Garrett &
 Dunner, LLP
901 New York Avenue, NW
Washington DC, 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
gerald.ivey@finnegan.com

Robert L. Burns
Elliot C. Cook
Finnegan, Henderson, Farabow, Garrett &
 Dunner, LLP
Two Freedom Square
11955 Freedom Drive, Suite 800
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (571) 203-2777
robert.burns@finnegan.com
elliot.cook@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett &
 Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
cortney.alexander@finnegan.com

                                        **ATTORNEYS FOR DEFENDANT**
                                        **AOL INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                          /s/ *Eric H. Findlay*
                                          Eric H. Findlay