**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INNOVA PATENT LICENSING, LLC | § § § | Civil Action No. 2:10-CV-251 |
| v. | § § | |
| 3COM CORPORATION, et al. | § § § § § § § | **Jury Trial Requested DF-CE** |

**CERTAIN DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER**
**FROM THE MARSHALL DIVISION TO THE SHERMAN DIVISION**

Defendants Perot Systems Corp. ("PSC"), Dell Inc. ("Dell"), CROSSMARK, Inc.

("CROSSMARK"), Dr Pepper Snapple Group, Inc. ("DPS"), J.C. Penney Corp., Inc. ("JCP"),

J.C. Penney Co., Inc., McAfee, Inc. ("McAfee"), and Rent-A-Center, Inc. ("Rent-A-Center"),

(collectively, "Moving Defendants"), through their respective counsel, move the Court under 28

U.S.C. § 1404 to transfer this action from the Marshall Division to the Sherman Division.[1]  Frito-

Lay, Inc. and Frito-Lay North America, Inc. (collectively, "Frito-Lay") also join this Motion.

**I.     SUMMARY OF ARGUMENT**

In a transparent effort to secure venue in the Eastern District of Texas, Plaintiff InNova

Patent Licensing, LLC ("InNova") named as defendants 16 companies with principal places of

business in Plano, in the Sherman Division of the Eastern District.  Instead of filing the action in

the Sherman Division, where it would be more convenient for parties and witnesses, InNova

selected the Marshall Division even though not a single party, and, to the movants' knowledge,

no anticipated witnesses or relevant documents are in the Marshall Division.

---

[1] Counsel for PSC and Dell has confirmed with counsel for the other defendants that those not joining the motion do not oppose it. (Decl. of J. Thamkul In Supp. of Mot. For Intradistrict Transfer ¶ 2.)  We note that a favorable ruling on Symantec's pending motion to dismiss will resolve this action in its entirety and render moot this transfer motion. Some defendants not joining this motion reserve their rights to separately move to sever and/or transfer in the future.

By contrast, all relevant factors demonstrate that the Sherman Division is a clearly more convenient venue for this patent infringement action because 16 of the 32 defendants are in Plano. The majority of anticipated witnesses, relevant documents, and other evidence, such as allegedly infringing products, are likely located at the defendants' principal places of business alleged in the Complaint—16 within the Sherman Division and none within the Marshall Division. From Plano, it is only about a 45-mile drive to Sherman, compared to a 160-mile drive to Marshall, making the Sherman Division a clearly more convenient and less costly venue than Marshall. In light of the facilities in Plano and declarations filed herewith, it also appears that vastly more of the allegedly infringing conduct occurred in the Sherman Division rather than in the Marshall Division. A transfer would not inconvenience InNova, which concedes that it has no witnesses or documents in the Marshall Division. Nor would it inconvenience InNova's sole officer and the asserted patent's inventor, Robert Uomini, who lives in California and has no connection to the Marshall Division. The Sherman Division is also more convenient for witnesses and defendants outside the Eastern District because the Dallas-Fort Worth airport's proximity to the Sherman Division makes travel there faster and less expensive than to Marshall.

For these reasons, the interests of justice and convenience of witnesses and parties will be served best if the Court transfers this case to the Sherman Division pursuant to 28 U.S.C. § 1404.

## II.    BACKGROUND

### A.    Nature of the Action

InNova filed this action on July 20, 2010 against 36 corporate defendants, 4 of which have been dismissed from the case.[2] InNova alleges that each defendant infringes U.S. Patent

---

[2] Defendants 3Com Corp., J.C. Penney Life Insurance Co., J.C. Penney Mexico, Inc., and JCP Publications Corp. were dismissed. (Dkt. Nos. 102, 105 & 106.) InNova alleges that the following defendants are in Plano: Alcatel-Lucent Holding, Inc., PSC, Capital One Auto Finance, Inc., Cinemark, CROSSMARK, DPS, Ericsson, Inc., Frito-Lay, HP Enterprise Services, LLC, JCP, J.C. Penney Co., J.C. Penney Reinsurance Co., Rent-A-Center, and Siemens Product

No. 6,018,761 (the "Patent"), which purports to claim various methods for obtaining information about email from external sources. (Compl. ¶¶ 42–79, Dkt. No. 1.) Although InNova is vague about the exact activities and products that allegedly infringe the Patent, InNova appears to target defendants' internet domains, products, and services that filter incoming emails.

**B.      The Parties and Allegedly Infringing Activities Have Little Connection to the Marshall Division.**

The parties and allegedly infringing activities have, at best, a remote connection to the Marshall Division. There is no reason to believe that any anticipated witnesses, documents, or evidence are in the Marshall Division.[3] InNova's Complaint alleges no conduct in the Marshall Division. InNova itself has no connection to the Marshall Division other than this lawsuit. Any witnesses or evidence relevant to the Patent are likely in California, where the inventor and patent prosecutor are located. And it is more likely that any potentially relevant witnesses or evidence relating to each defendant's email filtering systems or products are located at or near each defendant's principal place of business. Accordingly, it is highly unlikely that there are witnesses or evidence located in the Marshall Division that are potentially relevant to any of the 32 defendants. In contrast, there certainly are witnesses and evidence in the Sherman Division that are potentially relevant to the 16 defendants located in Plano.

**1.      A Substantial Number of Defendants' Potential Witnesses Live and Work in the Sherman Division While No Potential Witnesses Are Located in the Marshall Division.**

None of the 32 defendants is based in the Marshall Division, while 16 are headquartered

---

Lifecycle Management Software, Inc. Research In Motion is in Irving, in the Northern District. Dell is in Round Rock, in the Western District.

[3] While Rent-A-Center has stores and facilities throughout the county, including in Marshall, its headquarters are in Plano. Based on its present understanding of the case, Rent-A-Center believes that the majority if not all relevant corporate witnesses are located in Plano and that the majority if not all relevant documents are in Plano or outside the Eastern District altogether.

in Plano, in the Sherman Division. The epicenter of defendants is in the Sherman Division.[4]

Moving Defendants PSC, DPS, CROSSMARK, and JCP have their principal places of business in Plano, and Moving Defendant McAfee's corporate headquarters is in Plano.[5] Their respective offices in Plano are 46 to 49 miles from the Sherman courthouse but 160 to 170 miles distant from the Marshall courthouse. (Decl. of J. Thamkul In Supp. of Mot. For Intradistrict Transfer ("Thamkul Decl.") ¶ 7, Ex. C; id. at ¶ 8, Ex. D; Grubb Decl. ¶ 8; Crews Decl. ¶ 8; Eldridge Decl. ¶ 8; Thomas Decl. ¶ 8; Welch Decl. ¶ 8; Fay Decl. ¶ 8; Dade Decl. ¶ 6.) The circumstances of PSC, McAfee, DPS, CROSSMARK, JCP, and Cinemark[6] are believed to be representative of other defendants headquartered or that have facilities in Plano.

Based on initial investigations, witnesses who may know facts relevant to InNova's claims and who are affiliated with defendants PSC, McAfee, DPS, Cinemark, CROSSMARK, and JCP are all in Plano. None are in the Marshall Division. David Grubb and John Welch are employees of PSC's email messaging team who may have knowledge relevant to InNova's claims. (Thamkul Decl. ¶ 6.) Others who may know facts relevant to the claims are McAfee's Security Specialist Mark Eldridge, CROSSMARK's VP-IT Infrastructure John D. Thomas, DPS's Hosting Services and Delivery Manager William T. Welch, Cinemark's Vice President and Chief Technology Officer Doug Fay, and JCP's Senior Manager Kay Dade. (Eldridge Decl. ¶¶ 1-2; Thomas Decl ¶¶ 1-2; Welch Decl. ¶¶ 1-2; Fay Decl ¶¶ 1-2; Dade Decl. ¶¶ 1-2.) These

---

[4] The only other Texas defendants, Dell and Research in Motion, are outside the Eastern District. (Compl. ¶¶ 14, 33, Dkt. No. 1.) The remaining defendants are scattered on the East and West coasts: 7 in California, 5 in New York, 1 in North Carolina, and 1 in Virginia. (Id. ¶¶ 4, 5–7, 9, 12, 19–20, 22, 29–30, 35–37.)

[5] (Declaration of David Grubb In Supp. of Mot. For Intradistrict Transfer ("Grubb Decl.") ¶ 3; Declaration of Mark Eldridge In Supp. of Mot. For Intradistrict Transfer ("Eldridge Decl.") ¶ 3; Declaration of John D. Thomas In Supp. of Mot. For Intradistrict Transfer ("Thomas Decl.") ¶ 3; Declaration of William T. Welch II In Supp. of Mot. For Intradistrict Transfer ("Welch Decl.") ¶ 3; Declaration of Doug Fay In Supp. of Mot. For Intradistrict Transfer ("Fay Decl.") ¶ 3; Declaration of Kay K. Dade In Supp. of Mot. For Intradistrict Transfer ("Dade Decl.") ¶ 3.)

[6] Cinemark, Inc. and Cinemark Holdings, Inc. (collectively, "Cinemark") are providing a declaration in support of this motion although they are not joining in it.

potential witnesses are familiar with the activities and locations of their employers' information and technology operations, including email and anti-spam filtering for their employers' domains. (Grubb Decl. ¶¶ 1-2, 7; Eldridge Decl. ¶¶ 2, 4; Thomas Decl. ¶ 2; Fay Decl. ¶ 2; Dade Decl. ¶ 2.) All of these potential witnesses live in the Sherman Division and work at their employers' facilities in Plano. (Grubb Decl. ¶¶ 3, 7; Eldridge Decl. ¶ 3; Thomas Decl. ¶ 3; Welch Decl. ¶ 3; Fay Decl. ¶ 3; Dade Decl. ¶ 3.) In contrast, no member of the Moving Defendants' teams responsible for email and/or content filtering for their employers' domains are in the Marshall Division. (Grubb Decl. ¶ 7; Eldridge Decl. ¶ 7; Welch Decl. ¶ 7; Fay Decl. ¶ 7; Dade Decl. ¶ 5.)

Likewise, members of the Moving Defendants' sales and finance departments, who may have information regarding InNova's allegations of sales of and offers to sell accused products, are likely working in the Sherman Division. For example, McAfee's Senior Revenue Analyst Kevin Crews and McAfee's finance team employees, who may know about sales data for McAfee's products, work at McAfee's facility in Plano. (Declaration of Kevin Crews In Supp. of Mot. For Intradistrict Transfer ("Crews Decl.") ¶¶ 1-3, 5.)

### 2. The Vast Majority of Conduct Alleged in the Complaint Occurred in the Sherman Division, If Anywhere.

No conduct described in the Complaint is alleged to have occurred in the Marshall Division. All email filtering for the respective domains of PSC, McAfee, CROSSMARK, DPS, and Cinemark occurred in the Plano area or outside Texas. (Grubb Decl. ¶ 5; Eldridge Decl. ¶ 5; Thomas Decl. ¶ 5; Welch Decl. ¶ 5; Fay Decl. ¶ 5.) Sales of allegedly infringing products, such as those with anti-spam features, will also likely focus on the Sherman Division. For example, McAfee's sales of anti-spam products in zip codes in the Sherman Division were 20 times greater than sales of such products in zip codes in the Marshall Division. (Crews Decl. ¶¶ 6-7.)

3. **Defendants' Documents and Physical Evidence Relating to InNova's Claims are Primarily Located in the Sherman Division, While No Relevant Documents or Evidence are in the Marshall Division.**

It is highly unlikely that any documents relevant to Moving Defendants PSC's, McAfee's, DPS's, CROSSMARK's, JCP's or Defendant Cinemark's email filtering for their respective domains are in the Marshall Division. Such documents are likely to be found at each defendant's facilities, the majority of which are in Plano. (Grubb Decl. ¶ 6; Eldridge Decl. ¶ 6; Thomas Decl. ¶ 6; Welch Decl. ¶ 6; Fay Decl. ¶ 6; Dade Decl. ¶ 4.) Physical evidence potentially relevant to InNova's claims, such as data and servers, are unlikely to be located in the Marshall Division. (Grubb Decl. ¶ 5; Thomas Decl. ¶ 5; Welch Decl. ¶ 5; Fay Decl. ¶ 5.)

4. **InNova Itself Has No Witnesses Or Evidence In the Marshall Division.**

InNova has no substantive connection to the Marshall Division. InNova appears to be a California operation, and its connection to Texas is ephemeral: it incorporated in Texas 41 days before filing suit, setting up an office in Longview but with no full-time employee there. (Thamkul Decl. ¶ 3, Ex. A; Decl. of S. Andrews In Supp. of Mot. For Intradistrict Transfer ("Andrews Decl.") ¶ 4.) There is no indication that InNova conducts operations, board of directors meetings, or any business within the Eastern District. According to its counsel, InNova has only a part-time "receptionist" at its Longview "office." (*Id.* ¶ 4.) InNova concedes that it has no evidence or witnesses in the Marshall Division. (*Id.* ¶ 3.) Any documents or electronic discs and materials relevant to this litigation stored at InNova's office in Longview were moved there less than 2 months before this suit was filed. (*Id.* ¶¶ 5–6.)

The only likely InNova witnesses appear to live in California. Robert Uomini, the inventor behind the Patent and the sole officer listed on InNova's business registration, has no apparent connection to Texas beyond this lawsuit. (Thamkul Decl. ¶ 3, Ex. A.) The Patent lists Mr. Uomini's location as Kensington, California, and public records show that Mr. Uomini still

lives in California. (*Id.* ¶ 4, Ex. B.) Likewise, Philip H. Albert, the attorney who prosecuted the Patent, works in San Francisco. (*Id.* ¶ 9, Ex. E.) Any evidence regarding the development and prosecution of the patent, such as Mr. Uomini's computer and documents and Mr. Albert's prosecution file, therefore are likely in California.

> **5.      The Sherman Division is More Convenient for Witnesses and Transporting Evidence Located Outside of Texas.**

For non-Texas parties, witnesses and evidence in California, New York, North Carolina, and Virginia can travel faster and less expensively to trials, hearings, and any depositions in the Sherman Division than to those in the Marshall Division. American Airlines operates several daily non-stop flights to Dallas-Fort Worth from major airports such those in New York City, Washington D.C., San Francisco, and San Jose, California. (Thamkul Decl. ¶ 10.) It is a 68-mile drive from the Dallas-Fort Worth airport to the Sherman courthouse. (*Id.* ¶ 12, Ex. G.) In contrast, the drive from the Dallas-Fort Worth airport to the Marshall courthouse is almost three times as far: 172 miles.[7] (*Id.* ¶ 13, Ex. H.) If this case were tried in Marshall, all parties, including InNova, would incur extra expense and inconvenience in transporting documents, witnesses, and evidence to trial. Transfer to the Sherman Division would reduce their burden.

## III.    ARGUMENT

### A.      Transfer From the Marshall Division to the Sherman Division Is Proper.

Under Fifth Circuit precedent, this case should be transferred to the Sherman Division. The Court should order a transfer under 28 U.S.C. § 1404 whenever the proposed new venue is "clearly more convenient" than the current venue. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The law "does not require the level of convenience in the desired venue to be *substantially greater* than in the original venue." *Bascom v. Maxim Integrated Prods., Inc.*,

---

[7] Even if witnesses outside Texas flew to Shreveport, Louisiana to get to Marshall, they would likely have to change planes at the Dallas-Fort Worth airport. For example, all flights to Shreveport on American Airlines stop at the Dallas-Fort Worth airport, increasing travel time and costs. (Thamkul Decl. ¶ 11, Ex. F, p. 65.)

534 F. Supp. 2d 700, 704 (W.D. Tex. 2008) (emphasis added).[8]  A transfer of venue for the
convenience of the parties and witnesses, such as the one sought here, is governed by 28 U.S.C.
§ 1404.  *In re TS Tech USA Corp.*, 551 F.3d at 1319.

Sections 1404(a) and 1404(b) allow a case to be transferred from one division to another
division within the same district.  The analysis under both subsections is the same as for an
interdistrict transfer under Section 1404(a).  *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp.
2d 757, 768 (E.D. Tex. 2000) ("[A] litigant can move for either inter or intra district transfer
under Section 1404(a); regardless whether the litigant moves for inter or intra district transfer,
the analysis remains the same.").

InNova's choice of the Marshall Division as its original venue has little impact on the
Court's transfer analysis.  "Fifth Circuit precedent clearly forbids treating plaintiff's choice of
venue as a distinct factor in the § 1404(a) analysis."  *In re TS Tech*, 551 F.3d at 1320.  Instead,
the plaintiff's choice is part of the moving party's burden of showing "good cause" for transfer.
*In re Volkswagen of Am., Inc.*, 506 F.3d 376, 384 (5th Cir. 2007), *aff'd en banc* 545 F.3d 304,
315 (5th Cir. 2008) [hereinafter *Volkswagen II*].

**B.    All Factors The Court Must Consider Favor Transfer.**

The Fifth Circuit considers both private and public interest factors in evaluating transfer
under § 1404(a).  The private interest factors are: "(1) the relative ease of access to sources of
proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the
cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a
case easy, expeditious and inexpensive."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.
2004) [hereinafter *In re Volkswagen I*].  The public interest factors include: "(1) the

---

[8] There is no dispute that, as required for any transfer to the Sherman Division under Section
1404(a), this case could have been filed originally in the Sherman Division.  *See Volkswagen II*,
545 F.3d at 312; 28 U.S.C. § 1404(a).  Original venue would have been proper in the Sherman
Division under 28 U.S.C. § 1391 because 16 defendants reside there.

administrative difficulties flowing from court congestion; (2) the local interest in having

localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the

application of foreign law." *Id.* No single factor is dispositive. *Id.*

### 1. Private Interest Factors Support Transfer to the Sherman Division.

#### a. Transfer Would Make Sources of Proof More Accessible.

Documents, physical evidence, and witnesses relating to InNova's infringement

allegations against the Plano defendants are more accessible from the Sherman Division than

from the Marshall Division. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)

("'In patent infringement cases, the bulk of the relevant evidence usually comes from the

accused infringer.'") (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325,

330 (E.D.N.Y. 2006)). The location of the defendants' documents weighs in favor of transfer to

that location. *See In re Genentech*, 566 F.3d at 1345. Here, at least half of the defendants have

facilities in Plano, where their computers, data, servers, and/or documents relating to email

filtering are likely located. (*See* Grubb Decl. ¶¶ 5–6; Eldridge Decl. ¶ 6; Thomas Decl. ¶¶ 5–6;

Welch Decl. ¶¶ 5–6; Fay Decl. ¶¶ 5–6; Dade Decl. ¶¶ 4–5.)

The Sherman Division also is more convenient for employees of the Plano defendants

who might testify. Such employees work in Plano. For example, employees who are likely to

possess the most knowledge about email filtering operations for PSC, CROSSMARK, McAfee,

Cinemark, DPS, and JCP work in Plano and live in the Sherman Division. (Grubb Decl. ¶ 3;

Eldridge ¶ 3; Thomas Decl. ¶ 3; Welch ¶ 3; Fay Decl. ¶ 3; Dade Decl. ¶ 3.) For these employees,

and for witnesses outside Texas, trying this case in the Sherman Division would be more

convenient and less costly in terms of airfare, hotels, gas, and car expenses than trying it in

Marshall. (Grubb Decl. ¶ 9; Eldridge Decl. ¶ 9; Thomas Decl. ¶ 9; Crews Decl. ¶ 9; Welch Decl.

¶ 9; Fay Decl. ¶ 9; Dade Decl. ¶ 7.) As Judge Ward put it, "[m]ore convenient to most is better

than inconvenient to all." *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. 2:03-CV-425-TJW, slip op. at 3 (E.D. Tex. Jul. 23, 2004).

InNova's counsel admits that it has no witnesses or evidence in the Marshall Division. (Andrews Decl. ¶ 3.) Mr. Uomini, InNova's sole officer and the Patent's inventor, is based in California and has no known connection even to Texas beyond this action. (Thamkul Decl. ¶ 4, Ex. B.) InNova has no worker beyond a part-time receptionist at its office in Longview, in the Tyler Division. (Andrews Decl. ¶ 4). Any discs and materials relevant to this litigation stored at the Longview office were sent there less than 2 months before this suit was filed. (*Id.* ¶¶ 5–6.)

InNova's insubstantial presence in the Eastern District is recent, ephemeral, and an artifact of litigation. The Federal Circuit recently emphasized that connections to the plaintiff's "preferred forum made in anticipation of litigation and for the likely purpose to make that forum appear convenient" should be granted no weight in the transfer analysis. *In re Microsoft Corp.*, No. 944, 2010 U.S. App. LEXIS 23121 at *6 (Fed. Cir. Nov. 8, 2010) (per curiam) (non-precedential) ("The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation."); *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. June 24, 2010) (holding that the plaintiff's assertion that documents it transported to the Eastern District of Texas were a factor against transferring the case "was a fiction that appeared to be created to manipulate the propriety of venue" and was entitled to no weight in the court's venue analysis.).

Likewise, InNova's place of incorporation should receive no weight in the transfer analysis. *In re Microsoft Corp.*, 2010 U.S. App. LEXIS 23121 at *6 (holding that plaintiff's incorporation in Texas was "no more meaningful, and no less in anticipation of litigation," than other such efforts rejected by the court); *EMG Tech., LLC v. Microsoft Corp.*, No. 6:09-cv-367, slip op. at 4 (E.D. Tex. Sept. 28, 2010) (Davis, J.) (refusing to give weight to plaintiff's place of

incorporation where plaintiff's documents were kept at the location solely to influence the court's venue analysis and there was no indication plaintiff conducted business there).

Transporting out-of-state evidence and witnesses to the Sherman Division also would be more convenient than to Marshall.[9]  Out-of-state defendants' representatives, the inventor Mr. Uomini, and the patent prosecutor, potential key witnesses on validity and inequitable conduct, would have to travel from California or other states to Texas.[10]  Such witnesses could fly directly from airports across the country to Dallas-Fort Worth, which is about 68 miles from the Sherman courthouse but about 160 miles from the Marshall courthouse.  (*See id.* ¶¶ 12–13, Exs. G, H.)

### b.   Transfer Would Improve the Availability of Compulsory Process To Secure the Attendance of Witnesses.

It is still early in this case and unclear which third-party witnesses, if any, will be called at trial.  Nevertheless, the location of nearly all Texas defendants in Plano makes it more likely that their former employees with relevant knowledge of defendants' email systems live in or near Plano.  Because the Plano defendants cannot compel those former employees' attendance at trial, compulsory process may be necessary to secure their attendance.  Because they probably live in or near Plano, as opposed to in or near the Marshall Division, they likely are within the 100-mile radius for compulsory process issued out of the Sherman courthouse.  Fed. R. Civ. P. 45(b)(2)(B).  By contrast, Marshall is about 160 miles from Plano, and therefore it is less likely that those former employees would be within its 100-mile radius for compulsory process.

Witnesses relevant to the other defendants in Texas — Dell and Research in Motion — are likewise probably located over 100 miles from Marshall.  To the extent there are non-party

---

[9] The possibility that technological advances may aid in transporting evidence does not negate the fact that the Sherman Division is more convenient.  *See Volkswagen II*, 545 F.3d at 316 (noting that the sources of proof requirement is not rendered superfluous just because access to some sources of proof is a lesser inconvenience due to recent technical advances).

[10] Although counsel's convenience is not a factor in the transfer analysis, transferring this case to the Sherman Division makes travel more convenient for InNova's lead counsel in California.

witnesses unaffiliated with any party (*e.g.*, those with knowledge of prior art) there is no reason to believe they are closer to Marshall than to the Sherman courthouse. To the contrary, because Plano and the greater Dallas-Fort Worth area have a high concentration of high-tech talent, it is more likely that such witnesses live closer to Sherman than to Marshall. These non-party witnesses likely live outside the Marshall Division's subpoena power for deposition. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (stating distance for subpoena power). Thus, this factor favors transfer.

### c.   It Would Be More Convenient and Less Costly To Adjudicate This Dispute in the Sherman Division.

Trying this case in Marshall subjects all witnesses to inflated "personal costs associated with being away from work, family, and community." *See Volkswagen II*, 545 F.3d at 205. In contrast, trying this case in the Sherman Division would be more convenient, less expensive, and less burdensome on witnesses' work and personal obligations. (*See* Grubb Decl. ¶¶ 9–10; Eldridge Decl. ¶¶ 9–10; Crews Decl. ¶¶ 9–10; Thomas Decl. ¶ 9; Welch Decl. ¶¶ 9–10; Fay Decl. ¶¶ 9–10; Dade Decl. ¶¶ 7–8.) All defendants located in the Eastern District are in Plano, about 160 miles from Marshall. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. The Plano defendants therefore would suffer greater inconvenience defending against InNova's claims in the Marshall Division than in the Sherman Division. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.*

Moving Defendants in Plano anticipate that their fact witnesses will be members of their

email messaging teams located in Plano.[11]  (*See* Grubb Decl. ¶ 7; Thomas Decl. ¶ 7; Eldridge

Decl. ¶ 7; Welch Decl. ¶ 7; Fay Decl. ¶ 7; Dade Decl. ¶ 5.)  They likely would provide testimony

at trial on their email filtering products, services, and activities.  If this case were tried in the

Sherman Division, these witnesses could return home at night and work at their regular offices

when not needed at trial.  (Grubb Decl. ¶ 9; Eldridge Decl. ¶ 9; Thomas Decl. ¶ 9; Welch Decl. ¶

9; Fay Decl. ¶ 9; Dade Decl. ¶ 7.)  In contrast, a trial in Marshall would mean a 160-mile drive

for those witnesses.  Witnesses traveling from outside the Eastern District would suffer similar

inconvenience.  They would have to drive 160 miles from the Dallas-Fort Worth Airport to

Marshall, as opposed to 62 miles to Sherman, or connect to another flight to Shreveport and then

drive another 35 miles to Marshall.  (Thamkul Decl. ¶¶ 12–14, Exs. G, H, I.)

**d.**        **All Other Practical Problems Favor Transfer.**

Because trying this case in the Sherman Division would decrease the inconvenience and

cost to all parties, the Court should grant this motion.  Although Plaintiff's choice of venue is not

a factor in this analysis, InNova would suffer no delay or prejudice — and transfer would be

more convenient for InNova's key witnesses — because this case is still in its early stages.

*Volkswagen II*, 545 F.3d at 314–15; *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 666

(E.D. Tex. 2007) (delay and prejudice associated with transfer is only relevant in rare and special

circumstances and only if such circumstances are established by clear and convincing evidence).

**2.**    **Public Interest Factors Either Support Transfer or are Neutral.**

**a.**    **The Local Interest in Having Localized Interests Decided at Home Supports Transfer.**

Because no party resides in the Marshall Division, it has no "meaningful connection" to

this action and there is no particularly local interest in deciding this dispute there.  *Volkswagen*

---

[11] Because this case is in its infancy, it is presently unclear which third-party witnesses may be required to appear at trial.  However, the convenience to party witnesses currently identified is entitled to substantial weight and supports transfer.  *See In re TS Tech USA*, 551 F.3d at 1320; *QR Spex*, 507 F. Supp. 2d at 666 (refusing to ignore convenience of party witnesses).

*II*, 371 F.3d at 206.  By contrast, most of the conduct at issue occurred in the Sherman Division.

If any community has a strong local interest in this case, it is the Sherman Division.  Per the Complaint, 16 of the 18 Texas defendants have their principal places of business in Plano. (Compl. ¶¶ 3, 8, 10–11, 13, 15–18, 21, 23–24, 27, 31–32, 34.)   Any alleged conduct of theirs relating to InNova's claims, such as "making" or "using" accused email filtering products or services, likely occurred in the Sherman Division.  Alleged conduct of the other two Texas defendants likely occurred outside the Eastern District entirely.  Accordingly, the location of the most defendants' principal places of business—Plano and the Sherman Division—has a stronger local interest here.  *See Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1046 (S.D. Tex. 2007) (where defendant's principal place of business and location of design and manufacture of accused products was in New Jersey, "citizens of New Jersey [had] a more significant interest in [the] case than [did] citizens of the Southern District of Texas.").

By contrast, the Marshall Division has at best a remote connection to the parties or witnesses in this case and should not be burdened by this litigation.  It would be unfair to subject people in Marshall to jury duty over a dispute unrelated to their area.  As the Fifth Circuit warned, "jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Volkswagen II*, 371 F.3d at 206.

Although InNova claims that some or all of the defendants infringed the Patent by "offering to sell" and/or "selling" accused products and services in the Eastern District, such activities likely occur with more frequency in the more heavily populated Sherman Division. For example, defendant McAfee's sales of anti-spam products are twenty times greater in zip codes in the Sherman Division than in those in the Marshall Division.  (Crews Decl. ¶¶ 6–7.) The allegedly infringing activities do not anchor this case in the Marshall Division; if anything, there is a demonstrated stronger sales connection with the Sherman Division. *See In re TS Tech*

*USA*, 551 F.3d at 1321 (where majority of witnesses, evidence, and events underlying cause of action occurred elsewhere, fact that accused products were sold in Eastern District of Texas did not weigh against transfer). Nor do the allegedly infringing activities justify burdening jurors in the Marshall Division with a dispute primarily involving Plano defendants. *Volkswagen II*, 545 F.3d at 318 (rejecting argument that jury duty would not burden Marshall jurors because they have an interest in products sold in Marshall, since that "rationale could apply virtually to any judicial district or division in the United States."); *see also QR Spex, Inc.*, 507 F. Supp. 2d at 667 (granting transfer where local interest of Eastern District was "nominal at best" and "it would be improper to find that it is fair to place the burdens of jury duty" on those in another community).

> **b.   The Factors of Familiarity of Governing Law, Potential for Conflict of Laws, and Administrative Efficiency Are Neutral.**

Three of the public interest factors are neutral. Neither the Marshall Division nor the Sherman Division has a greater familiarity with federal law. There are no apparent conflict-of-law issues. *See Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 06-438, 2007 WL 433299, at *4 (E.D. Tex. Feb 6, 2007) ("Patent claims are governed by federal law .... [T]his factor is neutral as to transfer."). Movants defer to the Court as to any administrative difficulties flowing from court congestion; however, any difference in relative court congestion between the Marshall and Sherman Divisions is not believed to be a significant factor.

## IV.   CONCLUSION AND PRAYER

InNova tactically chose to name 16 defendants in Plano. This attempt to manipulate venue by naming a majority of Plano defendants to anchor this case in the Eastern District renders the Marshall Division an inconvenient venue. Instead, this action involves parties, evidence, witnesses, and alleged conduct located or occurring primarily in the Sherman Division. Wherefore, movants respectfully request the Court to grant this Motion for Intradistrict Transfer and any other relief to which they may be entitled.

Dated:  November 19, 2010                    RESPECTFULLY SUBMITTED,


/s/ Deron Dacus
Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Eugene Mar (State Bar No. 227071)
emar@fbm.com
Janel Thamkul (State Bar No. 261122)
jthamkul@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Deron Dacus (TX Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

ATTORNEYS FOR DEFENDANTS DELL INC.
AND PEROT SYSTEMS CORPORATION

Dated:  November 19, 2010


/s/ Danny L. Williams
Danny Lloyd Williams (State Bar No. 21518050)
Lead Attorney
dwilliams@wmalaw.com
Ruben Bains (State Bar No. 24001678)
rbains@wmalaw.com
WILLIAMS MORGAN & AMERSON
10333 Richmond, Suite 1100
Houston, TX 77042
Telephone: (713) 934-4060
Facsimile: (713) 934-7011

ATTORNEYS FOR DEFENDANT MCAFEE, INC.

Dated:  November 19, 2010


/s/ Natalie L. Arbaugh

Natalie L. Arbaugh (State Bar No. 24033378)
arbaugh@fr.com
FISH & RICHARDSON PC
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

ATTORNEYS FOR DEFENDANT CROSSMARK,
INC.

Dated:  November 19, 2010

/s/ Brian Craft_____
Brian Craft (State Bar No. 04972020)
bcraft@findlaycraft.com
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

ATTORNEYS FOR DEFENDANT DR PEPPER
SNAPPLE GROUP, INC.

Dated:  November 19, 2010

/s/ Jeffrey K. Joyner_____
Jeffrey K. Joyner (admitted *pro hac vice*)
joynerj@gtlaw.com
Jeffrey F. Yee (admitted *pro hac vice*)
yeej@gtlaw.com
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Dwayne L. Mason (Texas State Bar #00787977)
masondl@gtlaw.com
Tara M. Williams (Texas State Bar #24043999)
williamsta@gtlaw.com
GREENBERG TRAURIG LLP
1000 Louisiana Steet, Suite 1700
Houston, Texas 77002
Tel: (713) 374-3500

Fax: (713) 374-3505

ATTORNEYS FOR DEFENDANTS
FRITO-LAY, INC. AND FRITO-LAY NORTH
AMERICA, INC.

Dated:  November 19, 2010


/s/ Michael A. Tomasulo
Michael A. Tomasulo (State Bar No. 179389)
tomasulom@dicksteinshapiro.com
DICKSTEIN SHAPIRO
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 772-8342
Facsimile: (310) 943-2743

ATTORNEYS FOR DEFENDANT RENT-A-
CENTER, INC.

Dated:  November 19, 2010


/s/ Danny L. Williams
Danny Lloyd Williams (State Bar No. 21518050)
Lead Attorney
dwilliams@wmalaw.com
Ruben Bains (State Bar No. 24001678)
rbains@wmalaw.com
WILLIAMS MORGAN & AMERSON
10333 Richmond, Suite 1100
Houston, TX 77042
Telephone: (713) 934-4060
Facsimile: (713) 934-7011

ATTORNEYS FOR DEFENDANTS J.C. PENNEY
COMPANY, INC. AND J.C. PENNEY CORP., INC.

## Certificate of Conference

The undersigned counsel complied with the meet and confer requirement for this motion as set forth in Local Rule CV-7(h). The motion is opposed. The personal conferences required by Local Rule CV-7(h) were conducted October 11, 2010 by telephone between the undersigned, Scott Andrews, and plaintiff's counsel, Daniel W. Bedell. Plaintiff's counsel refused to agree to transfer this case to the Sherman Division on the grounds that the Sherman Division would not be more convenient. Discussions about transferring this action to the Sherman Division have conclusively ended in an impasse, leaving an open issue (whether the case should be transferred to the Sherman Division) for the Court to resolve.


Dated:  November 19, 2010                     /s/ Scott Andrews
                                                           Scott Andrews
                                                           Farella Braun + Martel LLP


## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All other counsel of record will be served by U.S. mail on this the 19th day of November, 2010.


                                                          /s/ Deron Dacus
                                                          Deron Dacus