# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | | |
|---|---|---|
| INNOVA PATENT LICENSING, LLC, | § | Civil Action No. 2:10-CV-00251-DF-CE |
| | § | |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| 3COM CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## INNOVA'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER FROM THE MARSHALL DIVISION TO THE SHERMAN DIVISION

I. **INTRODUCTION**

Defendants' Motion is brought by a group of America's largest and best-known companies, most of which chose to headquarter themselves in the Eastern District of Texas. These Defendants have now chosen to burden the Court with a transfer motion, not to move the case a thousand miles or more to a district on the East or West Coasts, but merely to a different division of this very District. Moving Defendant Dell, one of the world's largest computer makers, brings the Motion in hopes to move the courthouse just 30 miles closer to its headquarters. But Dell, and fellow Moving Defendants J.C. Penny Co., Inc., Frito-Lay, Inc. and Frito-Lay North America, Inc. all failed to submit declarations identifying relevant documents or witnesses. Thus, these four Moving Defendants provide no basis for the Court to find clearly greater convenience in Sherman.

For the other six Moving Defendants, Sherman is between 47 and 50 miles from headquarters and Marshall is between 161 and 168 miles away; a difference of roughly 110-120 miles. Meanwhile, InNova's sole office is 26 miles from Marshall and 131 miles from Sherman, meaning Defendants seek to move the courthouse 108 miles *further* from InNova's Longview headquarters – simply shifting the intra-district travel burdens from corporate giants to a very small company.

But Defendants are not entitled to get the very judge or courthouse of their choosing, and they have failed to meet their heavy burden to show that the Sherman Division is so clearly more convenient to all parties and third parties as to mandate *intra*-district transfer. Not only do the Moving Defendants fail to provide evidence as to Dell, J.C. Penny Co., and the Frito-Lays, they provide no competent evidence about the relative convenience of transfer to 19 of the 20 non-moving Defendants either.

In fact, the vast majority of Defendants *do not* seek intra-district transfer. Seven Defendants with headquarters in Plano decided not to join the Motion, including Plano-headquartered Ericsson, which routinely files its own cases in Marshall, not Sherman. The lack of evidence and Defendants' recalcitrance in joining the Motion indicates that Sherman is not "clearly more convenient" for everyone.[1]

Worse yet, some non-moving Defendants apparently intend to file still more transfer motions in the future. Mot. for Intradistrict Transfer ("Mot.") at 1, n.1 (Dkt. No. 283). Thus, the present Motion would not resolve the convenience issue, but is instead the first step in a multi-part transfer battle that would see the Court and the parties spend valuable time and resources litigating serial transfer motions rather than devoting that time to substance and to productively resolving the dispute. This fact alone argues against the judicial economy of intra-district transfer.

Having failed to show that Sherman is clearly more convenient for all parties and the Court, Defendants' Motion should be denied. Alternatively, should the Court find transfer is warranted, that decision should fully resolve the convenience dispute, so that the parties and the Court may focus on the substantive claims, rather than geography.

## II.   FACTS

Founded this year, InNova is a small patent licensing company with its sole office in Longview, Texas. Declaration of Robert Uomini, ¶ 3. InNova keeps its records, including its

---

[1] Indeed, the Moving Defendants' complain as much about being sued in their home *District* as they do about the particular *Division* – for example they repeatedly accuse InNova of "manipulating venue" by suing them in the *Eastern District*, where they chose to establish their corporate headquarters and where they claim to have relevant documents and witnesses. Mot. at 1, 15.

information relevant to this suit, in its Longview office, where it also pays for a receptionist. *Id.* at ¶¶ 3-4. InNova's offices and documents are 23 miles from Marshall and 131 miles from Sherman. Declaration of Nick S. Mancuso, ¶¶ 2-3, Exhs. 1, 2. Thus, transfer to Sherman would place the courthouse 108 miles further from InNova. *Id.* InNova's president, the inventor of the patent-in-suit, lives in California and must travel nearly the same distance whether the case is in Sherman or Marshall. Uomini Decl. ¶ 2.

The Moving Defendants comprise 10 distinct entities out of 30 remaining Defendants.[2] All but Dell are headquartered in Plano. Dell's headquarters, in Round Rock, is 243 miles from Sherman and 273 miles from Marshall – meaning transfer would move the courthouse 30 miles closer to Dell's headquarters. Mancuso Decl. ¶ 5, Exh. 4. But neither Dell, J.C. Penny Co., Inc. nor the two Frito Lay companies provide any evidence to support their Motion. The remaining Moving Defendants' headquarters are 110-120 miles closer to Sherman than to Marshall. *Id.*

The Moving Defendants likewise provide no evidence regarding the location of relevant witnesses and evidence belonging to 19 of the 20 non-moving Defendants.[3] Of the non-moving Defendants, seven have Plano headquarters.[4] One more, R.I.M., has its offices in Irving, Texas.[5]

---

[2] Since Defendants filed their transfer motion, InNova dismissed Defendants Bank of America and J.C. Penny Reinsurance Company, reducing the number of defendants to 30.

[3] Defendants Cinemark, Inc. and Cinemark Holdings, Inc. filed a declaration in support of the Motion, but apparently do not seek transfer, as they failed to join the Motion itself. *See* Mot. at 4 n.6.

[4] The non-moving Defendants with headquarters in Plano are: Alcatel-Lucent Holding, Inc.; Capitol One Auto Finance, Inc.; Cinemark, Inc.; Cinemark Holdings, Inc.; Ericsson, Inc.; HP Enterprise Services, LLC and Siemens Product Lifecycle Management Software, Inc.

[5] InNova expects to dismiss R.I.M. from this action in the near future.

The remaining 12 non-moving Defendants are scattered around the United States and must travel a significant distance regardless of whether the case is in Sherman or Marshall.

### III. LEGAL STANDARD

The relatively small group of Defendants bringing this Motion seeks transfer for its own convenience, under 28 U.S.C. §1404(a). Section 1404(a) allows that a Court "may transfer any civil action to another district or division where it might have been brought." As the Court is well aware, parties seeking transfer from this District to just about anywhere else have caused a flurry of recent decisions and an evolving standard for just how the Court determines clear convenience. Indeed, despite the permissive "may" in the statute, the Fifth Circuit and especially the Federal Circuit have, through extraordinary writs, narrowed the Court's statutory discretion by attempting to delineate those instances where the Court in fact "must" transfer an action. *See e.g., In re Volkswagen of America*, 545 F. 3d 304 (5th Cir. 2008) (*Volkswagen II*)*; In re TS Tec. USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).

Nonetheless, §1404(a) accords the Court "broad discretion." *In re Vistaprint Ltd.*, 2010 WL 5136034, at *1 (Fed. Cir. Dec. 15, 2010). And 1404(a) "commits the balancing determination to the sound discretion of the trial court based not on *per se* rules but rather on 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at *3 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The Court has still greater deference in the *intra*-district transfer context. *See*, *Madden v. City of Will Point,* 2009 WL 5061837, at *3 (E.D. Tex. Dec. 15, 2009) ("greater deference available to the Court when considering intra-district transfers"); *Morrow v. City of Tenaha Deputy City Marshal,* 2008 WL 5203843, at *2 (E.D. Tex. Dec. 11, 2008) ("The Court also notes that the Federal Rules allow significant discretion to district courts in deciding the place of trial,

so long as it [is] within the same district, even without the consent of the parties."). Moreover, "district courts should view §1404(a) motions for intra-district change of venue with more caution." *Morrow,* 2008 WL 5203843, at *2.

Convenience-based transfer under 1404(a) "places a significant burden on the movant to show good cause for the transfer." *Volkswagen II,* 545 F.3d at 314 n.9 (5th Cir. 2008). To establish good cause, the Moving Defendants must demonstrate that Sherman is clearly more convenient. *In re TS Tech*, 551 F.3d at 1320 (moving party must demonstrate that the transferee venue is clearly more convenient). Moreover, courts will not transfer a case when the result of a change of venue is to shift the balance of inconvenience from one party to another. *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000).

Where, as here, no party disputes that the action might have been brought originally in the Sherman Division, the Court looks to the factors enumerated in *Volkswagen II* as a guide in exercising its discretion. *Volkswagen II*, 545 F.3d at 314 n.9.[6] As with any fact-intensive inquiry, Defendants' Motion must be supported by competent evidence.

## IV. ARGUMENT

The parties agree that venue is proper in both Marshall and Sherman, so there is no dispute that the case "might have been brought" in Sherman. But the Moving Defendants have failed to establish that Sherman is clearly more convenient than Marshall:

---

[6] The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

- For InNova, which would have trial 108 miles further from its office;

- For Moving Defendants Dell; J.C. Penny Co., Inc.; Frito-Lay, Inc. and Frito-Lay North America, Inc. because they submit no declarations identifying the location of relevant documents and witnesses; and

- For 19 non-moving defendants, for which the Moving Defendants likewise provide no evidence as to the location of relevant documents and witnesses.

The Court has broad discretion to set trial in the division within the District that best serves judicial economy. Judicial economy, and the parties resources, are better served by leaving the case where it has been since July, rather than transferring the case to a new judge in a different division. And judicial economy is definitely not served by transferring the case to Sherman only to have a different set of Defendants move to transfer the case somewhere else.

### A. None of the Private Interest Factors Favors Transfer.

#### 1. The relative ease of access to sources of proof

Courts still consider the relative ease of access to sources of proof in transfer analysis, despite the fact that most information produced in litigation has been made infinitely easier to transport in the Digital Age. *Volkswagen II,* 545 F.3d at, 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Six of the 10 Moving Defendants have submitted some evidence to show that Sherman is closer to some of their sources of proof. One non-moving Defendant provides some evidence as to its documents and witnesses as well.

But four of the 10 Moving Defendants identify no evidence at all. And the Moving Defendants provide no evidentiary basis for finding that Sherman is clearly more convenient for 19 of 20 non-moving Defendants. Aside from arguing the its burden should not matter,

Defendants likewise fail to show that Sherman is closer to InNova's Longview sources of proof. Thus, Moving Defendants have failed to show that transfer would provide any benefit to four Moving Defendants, the remaining 19 non-moving Defendants or for InNova.

As to their own documents, the declarations that the Moving Defendants did provide show that they will have to transport their evidence from Plano regardless. Thus, their burden should be accorded less weight. *See Gronholz v. Collin Hospitality, L.P.,* 2008 WL 4252988, at *2 (E.D. Tex. Sept. 9, 2008) ("Because, however, the defendant seeks transfer to Sherman and not Plano, documents will have to be transported regardless of if the case is transferred. This fact is neutral as to transfer.") Moreover, Moving Defendants' declarations reveal that computer servers and other documentary evidence are also located far from headquarters and that the location changes over time. *See* Decl. of Mark Eldridge (McAfee), ¶ 5 (all filtering of e-mails in "Plano, Texas and Santa Clara, California") (Dkt. No. 283-14); Decl. of William T. Welch, II (Dr. Pepper Snapple), ¶ 5 ("During the four years prior to March, 2010, all of the email filtering … was performed in Colorado Springs, Colorado) (Dkt. No. 283-18); Decl. of Doug Fay (Cinemark), ¶ 5 (servers and computers located in Plano and Dallas, Texas) (Dkt. No. 283-16); Decl. of David Grubb (Perot), ¶ 5 (all e-mail filtering since 2005 occurs in California).

Defendants have not shown that the relative ease of access to sources of proof would be clearly more convenient if the case is transferred to the Sherman division. This factor is neutral.

### 2. The availability of compulsory process to secure the attendance of witnesses

Defendants identify one third-party witness – in California. Neither the Marshall nor the Sherman Division has any greater power to compel witnesses this witness to appear. *See* Fed. R. Civ. P. 45. This factor is neutral.

### 3. The cost of attendance for willing witnesses

Defendants identify a handful of witnesses, all of whom live in East Texas and must travel to get to Sherman or Marshall. The additional travel for these witnesses adds somewhat to their burden. But Defendants have not attempted to identify all relevant witnesses, and have provided no information about the location of the witnesses for the vast majority of Defendants. The non-Texas Defendants will have to travel by air anyway, and the difference between travel to Sherman and Marshall for those witnesses is marginal. *See In re Genentech, Inc.,* 566 F.3d 1338, 1344 (5th Cir. 2009) ("The witnesses from Europe will be required to travel a significant distance no matter where they testify."); *Mohamed*, 90 F. Supp. 2d at 776 n.23 ("[l]itigants typically complain that Marshall, Texas does not have an accessible airport like Dallas, Texas. Well, this Court takes judicial notice that Shreveport, Louisiana operates a fully functionally airport (with airplanes and everything) only thirty (30) miles from Marshall, Texas."); *see also* Mancuso Decl. ¶ 4, Exh. 3 (Air-travelling witnesses must drive 62 miles from the Dallas-Fort Worth Airport to Sherman or 35 miles from Shreveport, Louisiana to Marshall). This factor is neutral.

### 4. All other practical problems that make trial of a case easy, expeditious and inexpensive

Courts recognize delay and prejudice associated with an order of transfer only in special circumstances. *Volkswagen II*, 545 F.3d at 314-15. Thus, this factor is neutral.

### B. The Public Factors Are Neutral.

### 1. Familiarity with the law

There is no difference between Sherman and Marshall's understanding of patent law. This factor is neutral.

### 2. The avoidance of conflict of laws

There is no difference in any conflict of law between Sherman and Marshall. This factor is neutral.

### 3. The administrative difficulties flowing from court congestion

The Court knows best whether one division is more congested than another, and may deny transfer on that basis alone under its inherent power to control its docket. *Morrow*, 2008 WL 5203843, at *2 ("The Court also notes that the Federal Rules allow significant discretion to district courts in deciding the place of trial, so long as it [is] within the same district, even without the consent of the parties."). InNova is not aware of greater congestion in either division. This factor appears neutral.

### 4. The local interest in having localized interests decided at home

Citizens of the Eastern District have a strong interest in deciding this case because the Plaintiff and many of the Defendants are local companies. See *In re Ts Tech*, 551 F.3d at 1321. Again, Defendants fail to provide any evidence as to the where the majority of Defendants have community ties. But all of the cases the Moving Defendants cite dealt with citizens of different districts, not all citizens of the same district. *See* Mot. at 13-15 (citing *In re Volkswagen of Am., Inc.,* 506 F.3d 376, 384 (5th Cir. 2007) (N.D. Tex. v. E.D. Tex.); *Amini Innovation Corp.* v. *Bank & Estate Liquidators, Inc.,* 512 F. Supp.2d 1039, 1046 (S.D. Tex. 2007) (D.N.J. v. E.D. Tex.); *In re TS Tech,* 551 F.3d at 1321 (S.D. Ohio v. E.D. Tex.); *QR Spex, Inc. v. Motorola, Inc.,* 507 F. Supp. 2d 650, 666 (C.D. Cal v. E.D. Tex.)).

Citizens of the same district share the same local interest in litigation. It's difficult to see why a Sherman juror would be any more interested in deciding a case involving a Longview Plaintiff and Plano Defendants than a Marshall juror. "The citizens of the Eastern District have

an interest in adjudicating this dispute" not just the citizens of Sherman. *Gronholz*, 2008 WL 4252988, at *3. And "[t]he interest is no greater in Sherman than it is in Marshall." *Id.* Therefore, this factor is neutral.

## V. CONCLUSION

Moving Defendants have not met their heavy burden to show that Sherman is clearly more convenient than Marshall. Four of the 10 Moving Defendants fail to identify the documents and witnesses they claim will be inconvenienced in Marshall. The Moving Defendants likewise fail to identify documents and witnesses from 19 of the 20 non-moving Defendants. The fact that the majority of Defendants declined to join this Motion shows that Sherman is not clearly more convenient to all parties. Moreover, some of the non-moving Defendants intend to file yet another transfer motion, multiplying the proceedings and further undermining any perceived need to transfer to Sherman. And the available evidence shows that all public and private factors are neutral.

The Court has broad discretion to determine whether intra-district transfer is needed. Because Defendants have failed to meet there burden, the Court should use its discretion to deny their Motion. Alternatively, the Court should not transfer to Sherman just to be forced to deal with yet another transfer Motion. The non-moving Defendants should not be allowed to stand by while the case is transferred to Sherman just to move to transfer again. Accordingly, should the Court grant Defendants' Motion, it should find the 1404(a) convenience issue resolved as to all Defendants.

Dated: December 22, 2010

Respectfully submitted,

*/s/Christopher D. Banys*
Christopher D. Banys

THE LANIER LAW FIRM, P.C.
Christopher D. Banys   SBN: 230038 (California)
Daniel W. Bedell      SBN: 254912 (California)
Carmen M. Aviles     SBN: 251993 (California)
Daniel M. Shafer      SBN: 244839 (California)
2200 Geng Road, Suite 200
Palo Alto, CA 94303
(650) 322-9100    (650) 322-9103 (fax)
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com
cma@lanierlawfirm.com
dms@lanierlawfirm.com

WARD & SMITH LAW FIRM
Wesley Hill      SBN: 24032294
111 W. Tyler Street
Longview, TX 75601
(903) 757-6400    (903) 757-2323 (fax)
wh@jwfirm.com

ATTORNEYS FOR PLAINTIFF
INNOVA PATENT LICENSING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 22nd day of December, 2010.

*/s/ Lilli McBride*
Lilli McBride