IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INNOVA PATENT LICENSING, LLC | § | Civil Action No. 2:10-CV-251 |
| | § | |
| v. | § | |
| | § | |
| 3COM CORPORATION, et al. | § | **Jury Trial Requested** |

**REPLY IN SUPPORT OF MOVING DEFENDANTS'
MOTION FOR INTRADISTRICT TRANSFER
FROM THE MARSHALL DIVISION TO THE SHERMAN DIVISION**

I.      INTRODUCTION

Moving Defendants[1] file this Reply to Plaintiff InNova Patent Licensing, LLC's ("InNova's") opposition (Opp., Dkt. No. 299) to their motion for intradistrict transfer to the Sherman Division. (Mot., Dkt. No. 283.) There is no material connection between this case and InNova's chosen venue. InNova concedes that no parties,[2] witnesses, or physical evidence likely to be relevant in this case are located in the Marshall Division. InNova does not argue that any of the convenience factors favor the Marshall Division. Instead of identifying even a single potential witness or piece of evidence in Marshall, InNova relies on its recent, litigation-inspired incorporation in Longview, Texas–in the Tyler Division–as the basis for the only alleged inconvenience it would suffer were this case transferred to the Sherman Division. (Opp. at 2-3.)

As established in the Motion, and unrefuted by InNova, the convenience of witnesses, access to sources of proof, availability of compulsory process, and the interests of citizens of this district make the Sherman Division a clearly more convenient venue than the Marshall Division. This case should be transferred to the Sherman Division.[3]

I.      ARGUMENT

InNova does not dispute that the epicenter of relevant activity, parties, witnesses, and

---

[1] Defendants Perot Systems Corp. ("PSC"), Dell Inc. ("Dell"), CROSSMARK, Inc. ("CROSSMARK"), Dr Pepper Snapple Group, Inc. ("DPS"), J.C. Penney Corp., Inc. ("JCP"), J.C. Penney Co., Inc., McAfee, Inc. ("McAfee"), and Rent-A-Center, Inc. ("Rent-A-Center"). Cinemark, Inc. and Cinemark Holdings, Inc. (collectively, "Cinemark") provided a declaration in support of this Motion but did not join it.

[2] Since the Motion was filed on November 19, 2010, InNova dismissed Bank of America Corp. and J.C. Penney Reinsurance Co. and intends to dismiss Research In Motion. (*See* Dkt. Nos. 287 & 293; Opp. at 3 n.5.) This leaves 29 defendants, over half (16) of which are headquartered or have major facilities in Plano in the Sherman Division.

[3] To be clear, Moving Defendants request that this case be transferred to the Sherman Division, because courts in the Eastern District of Texas "analyze [an intradistrict motion to transfer to Plano] as a motion to transfer to the Sherman Division generally, rather than to the Plano courthouse," since Plano is a subdivision of the Sherman Division and the case could not have originally been filed at the Plano Courthouse. *Cantrell v. City of Murphy*, 2010 U.S. Dist. LEXIS 17924, at *7 (E.D. Tex.). Moving Defendants note that assigning this case to the Plano Courthouse would further increase the convenience to all parties.

evidence is Plano in the Sherman Division.  Importantly, InNova also does not dispute that none of the alleged conduct at issue, apparently related to email filtering, occurred in the Marshall Division, while all email filtering for the respective domains of PSC, McAfee, CROSSMARK, DPS, and Cinemark occurred in the Plano area or outside Texas.  (*See* Mot. at 5; Grubb Decl. ¶ 5 (Dkt. No. 283-13); Eldridge Decl. ¶ 5 (Dkt. No. 283-14); Thomas Decl. ¶ 5 (Dkt. No. 283-17); Welch Decl. ¶ 5 (Dkt. No. 283-18); Fay Decl. ¶ 5 (Dkt. No. 283-16).)  *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. Dec. 3, 2010) (significant portion of conduct alleged in complaint occurred in transferee venue and no party identified any source of proof in transferor venue).

Instead, InNova mischaracterizes the applicable standard by arguing that the Sherman Division is not *the most* convenient venue for *each of* the parties.  (Opp. at 6 (complaining that the Sherman Division is farther from its Longview office and pointing out that some non-moving defendants did not provide evidence for the Motion[4]).)  Section 1404(a) merely requires that the proposed venue be "clearly *more* convenient" *than the current venue*.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (emphasis added).  InNova's speculation that other, unspecified venues might be more convenient to some out-of-state defendants is beside the point.  No defendant opposes this Motion, and there is no evidence supporting another venue.

The law "does not require the level of convenience of the desired venue to be substantially greater than the original venue." *Bascom v. Maxim Integrated Prods., Inc.*, 534 F. Supp. 2d 700, 704 (W.D. Tex. 2008).  The Court's analysis *compares* the convenience of the

---

[4] InNova heavily relies on the erroneous inference that the decisions of some defendants not to expressly join the Motion or provide supporting declarations means that the Sherman Division is a less convenient venue than the Marshall Division. (*See* Opp. at 2-4, 6-8, 10.)  Neither the law nor the facts permit such a conclusion.  *See WiAV Networks, LLC v. 3Com Corp.,* Case No. 5:09-CV-00101-DF, slip op. at 10 (E.D. Tex. July 15, 2010) ("Plaintiff's argument that [the absence of defendants outside the transferee forum from the transfer motion] speaks volumes similarly falls on deaf ears in light of the lack of opposition from those [defendants]."); *SMDK Corp. v. Creative Labs, Inc.*, 2009 WL 5246368, at *1 (E.D. Tex.) (Folsom, J.) (even where transferee forum was potentially less convenient for some defendants, their failure to join the transfer motion did not weigh against transfer because no defendant opposed the motion).

transferor and transferee venues by evaluating the private and public interest factors enumerated by the Fifth Circuit.[5] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*]. The transferee venue need not be the *most* convenient venue for *all* parties. *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. 2:03-CV-425-TJW, slip op. at 3 (E.D. Tex. Jul. 23, 2004) ("More convenient to most is better than inconvenient to all.").

    A.    **The Convenience of Potential Party and Third-Party Witnesses Favors Transfer to the Sherman Division.**

Venue is "considered convenient in the district or division where the majority of witnesses are located." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

InNova cannot identify one witness in the Marshall Division or even in Longview,[6] or present evidence that transferring this case to the Sherman Division would be less convenient for any potential witness anywhere. *See Kuhl v. City of Frisco*, 2007 U.S. Dist. LEXIS 24802, at * 7 (E.D. Tex.) (granting intradistrict transfer where plaintiff failed to identify even one party or witness in the transferee forum). InNova, in fact, concedes that its president and named inventor of the patent-in-suit resides in Kensington, California (Opp. at 3), making it easier for him to

---

[5] It is undisputed that this suit could have been brought in the Sherman Division. (*See* Opp. at 5.) InNova agrees that there will be no delay or prejudice associated with an order of transfer here. (*Id*. at 8 (citing *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 384 (5th Cir. 2007), *aff'd en banc* 545 F.3d 304, 314-15 (5th Cir. 2008) [hereinafter *Volkswagen II*]).) The parties agree that both the Sherman and Marshall Divisions can equally apply the patent laws to this case, that there is no conflict of law, and that they are unaware of any difference in relative court congestion between the Marshall and Sherman Divisions. (*Id*. at 8-9.) However, in arguing that "courts will not transfer a case when the result of a change of venue is to shift the balance of inconvenience from one party to another," (*Id*. at 5), InNova misstates the law. *One* consideration in the analysis is whether the *only* result of a transfer is to shift inconveniences from one party to another. *See Mohamed*, 90 F. Supp. 2d at 775. That is not the case here.

[6] InNova mentions that it "pays for a receptionist" at its Longview office, (Opp. at 3), but does not assert that it will call this part-time receptionist as a witness in this patent infringement case.

travel to Sherman than Marshall. This Court "'gives the plaintiff's choice of forum close scrutiny when the plaintiff does not live in the' chosen forum." *Kuhl*, 2007 U.S. Dist. LEXIS 24802, at * 7 (citation omitted) (granting transfer from Texarkana to Sherman Division where facts underlying the suit arose solely in the Sherman Division, plaintiff did not reside in transferor venue, majority of witnesses were located in the Sherman Division, and there were no other ties between the case and the transferor venue).

In contrast, Moving Defendants have identified 8 potential witnesses, all of whom work and/or reside in the Sherman Division.[7] Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and the proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317. For the only identified potential witnesses in this case, Marshall is an inconvenient venue, while the Sherman Division is clearly more convenient. (*See* Mot. at 4; Decl. of Janel Thamkul ¶ 8, Ex. D (Dkt. No. 283-5).) The convenience of witnesses favors transfer.[8] *See Kuhl*, 2007 U.S. Dist. LEXIS, at *13 (plaintiff identified no witnesses in the transferor division and all witnesses identified by defendant were located in the transferee division).

### B. The Concentration of Relevant Evidence in the Sherman Division Favors Transfer.

InNova also fails to identify any relevant documents or evidence located in the Marshall

---

[7] *See* Mot. at 4 (identifying D. Grubb and J. Welch (PSC), M. Eldridge and K. Crews (McAfee), J. Thomas (CROSSMARK), W. Welch II (DPS), D. Fay (Cinemark), and K. Dade (JCP) as potential witnesses who may have knowledge relevant to InNova's claims).
[8] Since all but one of the Texas defendants are located in Plano, potential third-party witnesses, such as defendants' former employees, are likely located near their former places of business in the Sherman Division and within the 100-mile radius for compulsory process issued from the Sherman courthouse. Fed. R. Civ. P. 45(b)(2)(B). These same third party witnesses are outside the 100-mile radius for compulsory process issued from the Marshall courthouse. *WiAV*, Case No. 5:09-CV-00101-DF, slip op. at 6-7 (venue with *more usable* subpoena power, i.e., *greater* ability to compel witnesses for both depositions and trial, favors transfer: "Plaintiff's position overlook[ed] that the venue with absolute subpoena power is preferred") (emphasis added).

Division. That InNova adopted an address in Longview just 41 days before filing suit receives no weight in the transfer analysis. Its presence in Longview is recent, ephemeral, made in anticipation of litigation, and unrelated to the Marshall Division. *See In re Microsoft Corp.*, --- F.3d ----, 2011 WL 30771, at *2 (Fed. Cir. Jan. 5, 2011) (connections to "preferred forum made in anticipation of litigation and for the likely purpose to make that forum appear convenient," such as incorporating in transferee venue, are granted no weight in the transfer analysis). InNova's recent shipment of documents to and incorporation in Longview, and any purported inconvenience to InNova due to a transfer to the Sherman Division, do not weigh against transfer because its presence in Longview was created solely to influence venue. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) (location of plaintiff's documents, "a fiction that appeared to be created to manipulate the propriety of venue," is entitled no weight).

### C. Citizens of the Sherman Division, Where the Majority of Defendants and Their Witnesses and Evidence are Located, Have a Stronger Local Interest Than Citizens of the Marshall Division.

Citizens in the Sherman and Marshall Divisions share an interest in litigation occurring in the Eastern District of Texas, but InNova erroneously concludes that their interests are equal. They are not. Here, 16 of the 29 defendants have their headquarters and/or major facilities in the Sherman Division. No party or witness is located in the Marshall Division. The citizens in the Sherman Division have a stronger local interest in this suit. *See Kuhl*, 2007 U.S. Dist. LEXIS 24802, at *15-16 (majority of potential witnesses resided in the Sherman Division, so citizens of the Sherman Division had a stronger local interest in resolving the local controversy). The potential jurors of the Marshall Division should not be burdened by a lawsuit with a plainly stronger connection to the Sherman Division.

No party, witness, or relevant evidence is connected to the Marshall Division. The Sherman Division is clearly more convenient. The Court should transfer this action to Sherman.

Dated: January 12, 2010 RESPECTFULLY SUBMITTED,

/s/ Roderick M. Thompson
Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Eugene Mar (State Bar No. 227071)
emar@fbm.com
Janel Thamkul (State Bar No. 261122)
jthamkul@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*/s/ Deron R. Dacus*
Deron Dacus (TX Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

ATTORNEYS FOR DEFENDANTS DELL INC.
AND PEROT SYSTEMS CORPORATION

Dated: January 12, 2010

/s/ *Danny L. Williams*
Danny Lloyd Williams (State Bar No. 21518050)
Lead Attorney
dwilliams@wmalaw.com
Ruben Bains (State Bar No. 24001678)
rbains@wmalaw.com
WILLIAMS MORGAN & AMERSON
10333 Richmond, Suite 1100
Houston, TX 77042
Telephone: (713) 934-4060
Facsimile: (713) 934-7011

ATTORNEYS FOR DEFENDANT MCAFEE, INC.

Dated:  January 12, 2010

/s/ *Natalie L. Arbaugh*  
Natalie L. Arbaugh (State Bar No. 24033378)  
arbaugh@fr.com  
FISH & RICHARDSON PC  
5000 Bank One Center  
1717 Main Street  
Dallas, TX 75201  
Telephone: (214) 747-5070  
Facsimile: (214) 747-2091  

ATTORNEYS FOR DEFENDANT CROSSMARK, INC.

Dated:  January 12, 2010

/s/ *Brian Craft*  
Brian Craft (State Bar No. 04972020)  
bcraft@findlaycraft.com  
FINDLAY CRAFT, LLP  
6760 Old Jacksonville Hwy, Suite 101  
Tyler, TX 75703  
Telephone: (903) 534-1100  
Facsimile: (903) 534-1137  

ATTORNEYS FOR DEFENDANT DR PEPPER SNAPPLE GROUP, INC.

Dated:  January 12, 2010

/s/ *Jeffrey K. Joyner*  
Jeffrey K. Joyner (admitted *pro hac vice*)  
joynerj@gtlaw.com  
Jeffrey F. Yee (admitted *pro hac vice*)  
yeej@gtlaw.com  
GREENBERG TRAURIG LLP  
2450 Colorado Avenue, Suite 400E  
Santa Monica, California 90404  
Telephone: (310) 586-7700  
Facsimile: (310) 586-7800  

Dwayne L. Mason (Texas State Bar #00787977)  
masondl@gtlaw.com  
Tara M. Williams (Texas State Bar #24043999)  
williamsta@gtlaw.com

|  | GREENBERG TRAURIG LLP<br>1000 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>Tel: (713) 374-3500<br>Fax: (713) 374-3505<br><br>ATTORNEYS FOR DEFENDANTS<br>FRITO-LAY, INC. AND FRITO-LAY NORTH AMERICA, INC. |
|---|---|
| Dated: January 12, 2010 |  |
|  | /s/ *Michael A. Tomasulo*<br>Michael A. Tomasulo (State Bar No. 179389)<br>tomasulom@dicksteinshapiro.com<br>DICKSTEIN SHAPIRO<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>Telephone: (310) 772-8342<br>Facsimile: (310) 943-2743<br><br>ATTORNEYS FOR DEFENDANT RENT-A-CENTER, INC. |
| Dated: January 12, 2010 |  |
|  | /s/ *Danny L. Williams*<br>Danny Lloyd Williams (State Bar No. 21518050)<br>Lead Attorney<br>dwilliams@wmalaw.com<br>Ruben Bains (State Bar No. 24001678)<br>rbains@wmalaw.com<br>WILLIAMS MORGAN & AMERSON<br>10333 Richmond, Suite 1100<br>Houston, TX 77042<br>Telephone: (713) 934-4060<br>Facsimile: (713) 934-7011<br><br>ATTORNEYS FOR DEFENDANTS J.C. PENNEY COMPANY, INC. AND J.C. PENNEY CORP., INC. |

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 13th day of January, 2011.

                                                      */s/ Deron R. Dacus*
                                                      Deron R. Dacus