IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INNOVA PATENT LICENSING, LLC** § § § <br> **v.** § § <br> **ALCATEL-LUCENT HOLDINGS, et al.,** § § <br> **Defendants.** § § § | **CIVIL ACTION NO. 2:10-CV-251** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Objections to Report and Recommendations Regarding Claim Constructio (Doc. No. 508), Defendants' Response (Doc. No. 512), and Plaintiff's Reply (Doc. No. 516). Also before the Court are Defendant's Objections under F.R.C.P. 72(B) to September 22 Report and Recommendation (Doc. No. 509), Plaintiff's Response (Doc. No. 511), Defendants' Reply (Doc. No. 518), and Plaintiff's Sur-Reply (Doc. No. 526).

Having considered the briefing and all relevant papers and pleadings, the Court finds that Plaintiff's and Defendants' objections should be **OVERRULED** and the Report and Recommendation (Doc. No. 505) should be affirmed and adopted.

### I. BACKGROUND

On July 20, 2010, Plaintiff Innova Patent Licensing, LLC ("Innova") initiated this patent infringement suit against Defendants alleging infringement of U.S. Patent No. 6,018,761 ("the '761 patent"). Doc. No. 1. The above-captioned case was referred to the Hon. Chad Everingham for pre-trial purposes. Doc. No. 6.

On January 21, 2011, Judge Everingham held a hearing on Defendants' motion to dismiss

(Doc. No. 160) on the grounds that the patent was not drawn to eligible subject matter under 35 U.S.C. § 101. On September 7, 2011, Judge Everingham held a hearing on claim construction arguments. On September 22, 2011, Judge Everingham issued a report and recommendation regarding claim construction of disputed claim terms and denying Defendants' motion to dismiss ("Report and Recommendation") (Doc. No. 505).

## II. CLAIM CONSTRUCTION

Plaintiff Innova objects to the Magistrate Judge's Report and Recommendation with respect to the term "recipient." Doc. No. 508 at 2.

Defendants object to the Magistrate Judge's Report and Recommendation with respect to the finding that the term "useful to the recipient" is not indefinite.

This Court reviews a magistrate judge's non-dispositive orders pursuant to Federal Rule of Civil Procedure 72(a). Because claim construction is a matter of law, this Court can review a magistrate judge's claim construction *de novo*. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996); *cf. Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001) (regarding magistrate judge's decision concerning leave to take depositions, noting that "[t]he 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision" but that "[t]he magistrate judge's legal conclusions are freely reviewable").

**A. Legal Principles of Claim Construction**

Claim construction is a legal question for the courts. *Markman*, 52 F.3d at 979. A determination of patent infringement involves two steps: first, the patent claims are construed, and, second, the claims are compared to the allegedly infringing device. *Cybor Corp. v. FAS Techs., Inc.*,

138 F.3d 1448, 1455 (Fed. Cir. 1998) (en banc). The legal principles of claim construction were reexamined and reaffirmed by the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 *passim* (Fed. Cir. 2005) (en banc).

**B. Plaintiff's Objections**

During claim construction briefing, Innova proposed that "recipient" should be construed to mean: "a computer that receives the electronic message." Doc. No. 487 at 18. Defendants proposed a construction of "the person to whom the electronic mesage is addressed, or the computer used by that person to read the electronic message." Doc. No. 494 at 22. The Report and Recommendation construed this term to mean "the person or computer that receives the electronic mesage." Report and Recommendation at 16.

Innova objects to the construction of "recipient" because the Report and Recommendation purportedly failed to consider all of the intrinsic evidence, including citations from the specification and the prosecution history. Doc. No. 508 at 4. Specifically, Innova argues that the Report and Recommendation did not consider the portion of the specification stating that in the context of the invention, the sender and recipient of a message are machines. Innova urges that the claim itself repeatedly states that the steps of the claimed method are performed by a mail processing program which is executed on a computer. Innova submits that Figure 1 of the '761 patent indicates that only a computer can be the recipient.

Defendants respond that the '761 patent's specification defines recipient to include a person or a machine. Doc. No. 512 at 3. Defendants point out that the portion of the specification Innova cites to support its position actually states "[f]or simplicity, the 'sender' and 'recipient' of a message are machines and it will be assumed that the senders and recipients are either machines controlled

by humans or by programs." *Id*. at 4. Defendants further point out that in Figure 1, recipient is labeled as item 18, which is described in the specification as "either human or machine." *Id*. at 5. Defendants submit that Innova's arguments duplicates the same arguments that the Magistrate Judge already considered and rejected.

Innova replies that the Defendants are repeating the Magistrate Judge's mistake and fail to consider all of the intrinsic evidence together to construe the term "recipient." Doc. No. 516 at 1. Innova urges that the intrinsic evidence demonstrates that the proper construction for "recipient" is "a computer that receives the electronic message." *Id*.

Innova urges that the specification, when taken as a whole, excludes a person from the definition of "recipient." However, nowhere does the specification disclaim "person" from the scope of the term. Rather, as the Magistrate Judge found, the portion of the specification Innova believes disclaims a person as a recipient is intended to simplify the description of the preferred embodiment of the invention. It does not limit "recipient" as Innova claims. Accordingly, Innova's argument must fail, and its objection to the Report and Recommendation's construction of "recipient" is **OVERRULED.**

**C. Defendants' Objections**

During claim construction, Defendants argued that the term "useful to the recipient" should be found as invalid for indefiniteness because it depends on the particular recipient and his or her knowledge and subjective opinion. Doc. No. 494 at 25. The Magistrate Judge disagreed and construed the term "information about the sender of the message that is useful to the recipient in understanding more about the context in which the sender sent the message" to mean "additional data identifying personal or business information about the sender of the message." Report and

Recommendation at 10.

Defendants now reurge their argument that the claim term is indefinite. Doc. No. 509 at 12. This phrase is found in Claim 1, which states in relevant part: "scanning the message, us[ing] the mail processin[g] program to determine if the message contains a reference in a header portion of the message to at least one feature of the sender's context, wherein the sender's context is information about the sender or the message that is <u>useful to the recipient</u> in understanding more about the context in which the sender sent the message."

Defendants argue "useful to the recipient" is subjectively based on the recipient's understanding. The Magistrate Judge found that "the question is close," but "[r]ead as a whole, the patent refers to useful information as additional data identifying personal or business information about the sender." Report and Recommendation at 10. Defendants argue that the Magistrate Judge's conclusion effectively eliminates the requirement that the additional information about the sender be useful to the recipient in understanding more about the context of the sender or the message. Doc. No. 509 at 12. Innova responds that Defendants have not met their heavy burden to show that the term is insolubly ambiguous and are merely repeating the same arguments that the Magistrate Judge had considered and rejected. Doc. No. 511 at 7. Innova points out that the specification states that useful information is additional information about the sender or the sender's organization. *Id*. at 8.

Claim indefiniteness is a legal determination that arises from the Court's duty to construe claims. *BJ Services Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003). In the face of an allegation of indefiniteness, general principles of claim construction apply. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1346 (Fed. Cir. 2007). The test for indefiniteness is whether a person of ordinary skill in the art would understand all of the language in the claims—that is,

understand what is claimed—when they are read in light of the specification. *Id.*; *see also Morton Int'l Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed. Cir. 1993). If the skilled artisan would understand the bounds of the claim when read in light of the specification, then the claim satisfies the definiteness requirement of 35 U.S.C. §112 ¶2. The definiteness requirement does not mandate absolute clarity. The proper inquiry is whether the terms can be given any reasonable meaning, and a difficult issue of claim construction does not automatically require a finding of indefiniteness. *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). Even if the claim construction effort is a tough one, when the meaning of the claim is discernable, the claim is not indefinite. *Id*. To meet their evidentiary burden for finding indefiniteness, Defendants must show facts that support the invalidity conclusion by clear and convincing evidence. *Young*, 492 F.3d at 1345.

In *Datamize,* the Federal Circuit affirmed the district court's finding of invalidity based on indefiniteness of the phrase "aesthetically pleasing" because none of the evidence provided any meaningful definition for the phrase. *Datamize*, 417 F.3d at 1349–50. The *Datamize* panel examined the intrinsic and extrinsic evidence for some objective standard with which to "anchor" the subjectivity of the term "aesthetically pleasing." *Id*. at 1351–55. After review the Court finds that, unlike "aesthetically appealing," the phrase "useful to the recipient" is sufficiently defined so as to meet the requirements of §112 ¶2. Specifically, the intrinsic evidence supports the Magistrate Judge's conclusion that the examples in the specification show that "useful information" is additional information about the sender or the sender's organization name and geographic location. Accordingly, Defendants' objection to the construction of "useful to the recipient" should be **overruled.**

## III. MOTION TO DISMISS

Defendants filed a motion to dismiss challenging the validity of the '761 patent on the grounds that it does not claim eligible subject matter. Doc. No. 160. The Magistrate Judge found that the claimed process is a method performed using a mail processing program and that the process has application in an Internet environment. Having found that the claimed process is not so abstract to be ineligible, he recommended denying Defendants' motion to dismiss. Report and Recommendation at 20.

Defendants object to the Magistrate Judge's recommendation. They argue the claims do not recite any machine or article or the transformation of an article, as required by the machine-or-transformation test. Doc. No. 509 at 5. Defendants also argue that "the claims are directed to the abstract idea of getting information about the sender of an electronic message, with no particular application claimed." *Id*. at 6.

Innova responds that Defendants misunderstand and misapply the standard for subject matter eligibility. Doc. No. 511 at 3. Innova argues that the claims do not cover a purely abstract idea. Innova also argues that the claims inherently include a computer and satisfy the machine prong of the machine or transformation test because the claims recite a method that is performed using a mail processing program. *Id*. at 5.

The Magistrate Judge properly set forth the applicable law regarding 35 U.S.C. § 101 in the Report and Recommendation, and the Court hereby incorporates that discussion by reference. *See* Doc. No. 505 at 17-20. This Court reviews a magistrate judge's recommendation on motion to dismiss *de novo* pursuant to 28 U.S.C. § 636(b)(1).

Having carefully reviewed the Report and Recommendation and the authorities relied upon

therein, the Court agrees with the Magistrate Judge that the method inherently includes hardware and programming. The scanning of the message and retrieval of context information from locations external to the message imply the presence of computer hardware. Additionally, the use of a mail processing program to scan incoming messages, determine whether the messages are context-aware, and retrieving the context information from one or more external locations will require implementation through software. "The programming would not be so simple as to involve purely mental steps in which the computer's use was merely incidental." Report and Recommendation at 20.

Furthermore, as the Magistrate Judge noted, the claimed method describes an invention that is a useful improvement to email messaging—an existing technology—and has application in an Internet environment. "Inventions with specific applications or improvements to technologies in the marketplace are not likely to be so abstract that they override the statutory language and framework of the Patent Act." *Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323, 1328 (Fed. Cir. 2011). For these reasons, the Court finds that the '761 patent claims eligible subject matter and Defendants' objections regarding 35 U.S.C. § 101 is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to Report and Recommendations Regarding Claim Construction (Doc. No. 508) are **OVERRULED**. Defendant's Objections under F.R.C.P. 72(B) to September 22 Report and Recommendation (Doc. No. 509) are **OVERRULED**. The Court hereby adopts the Report and Recommendation of the United States Magistrate Judge, in its entirety, as the conclusions of this Court. Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (Doc. No. 160) is **DENIED**, and the disputed terms of the '761 patent shall be

construed as set forth in the Report and Recommendation (Doc. No. 505).

**IT IS SO ORDERED.**

**SIGNED this 19th day of July, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE